### RYALS v. UNITED STATES.
No. 7659.

Circuit Court of Appeals, Fifth Circuit.
May 8, 1935.

Wm. C. Pierce and W. K. Zewadski, Jr., both of Tampa, Fla., for appellant.

John W. Holland, U. S. Atty., of Jacksonville, Fla., for the United States.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment decreeing appellant to be guilty of contempt of court and sentencing him to six months' imprisonment therefor. The contempt charged was interference with the probation officer of the court in the discharge of his official duties, by means of physical assault, accompanied by threatening, abusive, and profane language. On a former appeal a judgment entered in the same proceeding was reversed, on the ground that the court had improperly stricken allegations from the return to the rule. The opinion discussed the law somewhat fully, but the reversal did not involve the merits. What was

98

then said need not be repeated. Ryals v. U. S. (C. C. A.) 69 F.(2d) 946. On the second trial the stricken portions of appellant's pleadings were restored. The district judge heard the witnesses in open court, and the judgment recites findings of fact which are sufficient to support it.

There is no doubt that a fight occurred between appellant, Ryals, and Cheney, who was a duly qualified probation officer of the court. The evidence was somewhat conflicting as to who was the aggressor, but this was a question to be determined by the District Court. There is evidence in the record tending to support the following conclusions as to the material facts.

On March 26, 1933, Cheney went to the home of Ryals to make an investigation as to the conduct of Catherine Lovell, a probationer under a suspended sentence, who lived there. He inquired for Ryals, and she told him he was not at home. He had made several previous visits, upon which he had inquired for Ryals, but in each instance he had been advised that he was not there. As Cheney was leaving and had just entered his automobile, Ryals came out of the house and said, "I know who you are. You are that God damn probation officer. I want you to keep away from here and keep your God damn nose out of my affairs," also uttering other profane language. Cheney got out of his car and said to Ryals, "I have been wanting to meet you and talk to you." Ryals then advanced upon him in a threatening manner and attempted to strike him. A fight then followed.

It is contended by appellant that Cheney had completed his visit, and when the altercation started between him and Ryals, Cheney was not acting in his official capacity, and the fight was purely a personal matter between them. This contention is untenable. It was within the authority of Cheney and a part of his duties as probation officer to visit the homes of all persons on probation and make inquiries as to their conditions of living to determine whether they were decent and proper. It was as much his duty to interview the persons with whom they lived as to talk to the probationers. There is no doubt that any interference with him in the performance of his duty, either by assault or threats, would clearly be contempt of court, as he was an officer of the court and a representative of the judge, acting under orders of the court.

The record presents no reversible error. Affirmed.