283 So.2d 157 (1973)
Glenn W. TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 72-815.
District Court of Appeal of Florida, Second District.
September 28, 1973.
James M. Russ, Orlando, and Daniel P. Sheehan, New York City, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and P.A. Pacyna, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant, Glenn W. Turner, has timely appealed from an order of the Circuit Court in and for Pinellas County entered on October 4, 1972, adjudging him guilty of direct criminal contempt under the provisions of Rule 3.830 RCrP, 33 F.S.A. On that date he was tried, convicted and sentenced to one hundred and fifty (150) days in the county jail. The proceeding was conducted before the trial court as the trier of the law and facts. Appellant filed 13 assignments of error and has raised 19 points for consideration on appeal.
The chronology of events leading to the contempt charge being filed against Turner occurred on the morning of October 4, 1972, the date scheduled for the commencement of appellant's trial at the Pinellas County Courthouse. He was charged by the state attorney of Pinellas County with a violation of the applicable Florida criminal statutes in that he failed to properly register as a seller of securities  a felony offense  in connection with the operation of Glenn W. Turner Enterprises, a wholesale distributor of cosmetics and seller of regional distributorships for said cosmetics.
On October 3, the day prior to the commencement of the trial, the trial judge, in exercise of his sound judicial discretion, signed an order styled "ADMINISTRATIVE ORDER GOVERNING CONDUCT OF TRIAL." The order outlined in very succinct and clear language the *158 guidelines under which the case was to be tried, e.g., specifying the conduct respecting the parties litigant, attorneys, court personnel, witnesses, members of the press, persons called for jury duty and members of the general public, and that the trial would begin at 9:30 A.M., the next morning.
On the next day, the Honorable B.J. Driver, Senior Circuit Judge, who was not the trial judge, observed as he was entering the courthouse on the way to his office that a large crowd of people had congregated at or near the courthouse bearing signs and placards protesting the trial and prosecution of appellant. The judge, being of the opinion that such actions and conduct were calculated to influence the trial, and constituted an interference with the orderly disposition of justice in the circuit court, entered an order in the case, the pertinent part of which is as follows:
NOW, THEREFORE, IT IS ORDERED That all sheriffs, constables, police officers and others authorized to execute process to cause said persons assembled in and around the Courthouse to disperse, and all persons are strictly enjoined and restrained from congregating in and about the county Courthouse of Clearwater, Florida and there display signs or by word or deed manifest support of or opposition to any party or parties involved in any trial being held or to be held in the county Courthouse, Clearwater, Florida.
IT IS FURTHER ORDERED That said persons may freely assemble in such places as they deem appropriate providing that there shall be no assembly of persons for the purpose and by the means aforesaid within 400 feet of the county Courthouse, Clearwater, Florida, under penalty of contempt.
Very shortly after the entry of Judge Driver's order, and before the trial was scheduled to start, the assistant state attorney sought and obtained a hearing before the Honorable William A. Patterson, circuit judge assigned to try the case, for the reason that he desired to bring certain matters to the attention of the court that were not related to the merits of the case. During this hearing, the state, through its assistant state attorney, presented its views that somebody was behind the gathering of people. The state requested that the court should determine who was responsible for this gathering, statements concerning the case that appeared in the newspapers, the planes flying around with signs espousing appellant's cause, and the fact that over 200 room reservations were made at various hotels. It being the state's contention that this type publicity had to influence prospective jurors, the court, upon this representation, directed the state attorney's office to investigate these matters in an attempt to determine who was responsible for creating what was referred to as a "circus type" atmosphere conducted outside the courtroom. During the hearing, the trial judge announced he would not proceed with the trial as scheduled.
After the said hearing ended, the trial judge entered an order to show cause, pertinent part thereof being:
ORDERED AND ADJUDGED that the defendant, Glenn W. Turner, appear instanter before this Court and show cause why he should not be forthwith held in contempt for either causing, encouraging and/or condoning said demonstrations in and about the Pinellas County Courthouse, Clearwater, Florida, on the morning of October 4, 1972... . (Emphasis supplied).
The pleadings further reflect that appellant, through his counsel, entered a plea of not guilty to the said charge. After the hearing commenced, the trial court, upon oral motion of appellant's counsel, granted a continuance of the hearing until 1:30 P.M. that afternoon. The hearing resumed, and, at the conclusion thereof, the trial court entered its judgment of contempt which provided in pertinent part:
... the Court finding that the failure of the said Glenn W. Turner to *159 testify before this Court and to show cause or mitigation as to a finding of direct contempt or as to a sentence imposed by this Court, and the Court taking the failure of this defendant to testify and show cause as an admission of either causing, encouraging and/or condoning said disruptive demonstrations in and about the Pinellas County Courthouse, Clearwater, Florida, on October 4, 1972,... .
Upon advice of his counsel, appellant did not testify at the hearing aforesaid. The oral motion of counsel to admit appellant to bail pending appeal was denied by the trial court. After proper hearing, this court granted appellant's application to be released on bond pending appeal.
Later the same afternoon, the trial court, upon its own motion, entered an order supplemental to judgment of contempt, that provided in pertinent part:
In furtherance of this purpose this Court hereby stands open and available at any time for application of the defendant, Glenn W. Turner, to appear before this Court personally and through his own testimony show cause in mitigation of the sentence previously imposed by this Court under said judgment of contempt or to purge himself entirely of said contempt through admission of his contemptous acts toward the Court and the promise to not further cause, encourage and/or condone the disruptive demonstrations found to be his responsibility under the judgment of contempt previously entered in this cause.
We thought it essential to the impartial and orderly consideration and ultimate disposition of this case to set out the salient facts and pleadings. This case, as all other cases, must be decided in the context of our legal tradition and upon well-established rules of law, and not otherwise.
The record, briefs and oral arguments of counsel have been very carefully reviewed by the court.
The central and basic question presented is whether there was competent evidence before the trial court to justify and warrant its finding that the appellant, by his acts, words, and/or deeds, was guilty of direct criminal contempt.
We are cognizant that the ruling of the trial court comes here clothed with a presumption of correctness. We have read and reread the testimony and fail to find any competent evidence in the record to affirm the ruling of the trial court. It is true that the testimony is without contradiction that there was a large gathering of people assembled in and around the courthouse on the morning of the trial.
The underlying question is, is there any testimony in the record to show that the appellant had by act, word, or deed caused, encouraged and/or condoned the assemblage. The record is absolutely silent on this question and it is academic that we must follow the record.
As stated above, the appellant was charged with direct criminal contempt pursuant to Rule 3.830, supra, and an order to show cause was issued. Under that rule the contemptuous act of the appellant must be seen and heard by the court and committed in the presence of the court. The record shows that the only possible direct contempt actually witnessed by the court were certain disruptions indulged in by admirers of Turner in and around the courthouse. There is no causal connection shown linking Turner with participation in these disruptions.
Incidentally, it was, of course, possible for the trial court to have charged the "disruptors" with direct contempt, witnessed by the court, which the court felt was a disruption of court business. But, this matter is not before us.
As shown in the pleadings aforesaid, the appellant was charged with causing or condoning the disruptions. If, in fact, the appellant did cause or condone the disruptions and if such acts, if properly *160 proved, could be said to constitute contempt, nevertheless, the contempt was not direct but indirect.
In our judgment the trial court should have proceeded against appellant under Rule 3.840, supra. Our research reveals that wherever it is possible in contempt proceedings, the proceedings should be conducted in general in accordance with the principles and rules applicable in criminal cases insofar as such procedures are consistent with summary nature of contempt proceedings. In addition, the accused is to be afforded many of the protections provided in criminal cases, including the presumption of innocence until proven guilty beyond a reasonable doubt. See, In the Interest of S.L.T., Fla.App. 1965, 180 So.2d 374. Additionally, in State ex. rel. Geary v. Kelly, Fla.App. 1962, 137 So.2d 262, an indirect criminal contempt proceeding, the court held that the accused was entitled to citation and hearing and his sentence without citation and hearing was unlawful as a deprivation of his constitutional rights.
In the case of Fisher v. State, Fla. 1971, 248 So.2d 479, the Supreme Court of Florida held that in view of the summary nature of the procedures in direct criminal contempts, any doubt as to the category in which the allegedly contemptuous act falls should be resolved in favor of the contemnor.
Turning to the issue of the burden of proof, as noted above, in criminal contempt proceedings the contemnor is presumed to be innocent until proven guilty beyond a reasonable doubt. See In the Interest of S.L.T., supra; see, also, Demetree v. State ex. rel. Marsh, Fla. 1956, 89 So.2d 498, and Vernell v. State ex. rel. Gerstein, Fla.App. 1968, 212 So.2d 11.
In the following cases appellate courts of this state held the evidence to be insufficient to sustain the conviction: Davis v. State, Fla.App. 1972, 261 So.2d 188; Silver v. State, Fla.App. 1960, 117 So.2d 509.
The trial court in issuing the order to show cause in the instant case specifically alleged therein, as shown above, that appellant caused or condoned the disruptions and ordered him to show cause why he should not be held in contempt for such acts. Yet, no evidence was adduced to show any causal connection between appellant and the disruptions. The state clearly failed to meet its burden of proof. Nevertheless, the trial court found appellant in contempt and specifically held in the supplemental order, supra, that Turner caused the disruptions in and around the courthouse. There was not a shred of evidence to support this conclusion.
The trial court, as disclosed by the record, used the appellant's failure to testify as an admission of guilt sufficient to have created a causal connection between the disruptions and Turner in the absence of any other evidence. If this logic prevailed it would amount to shifting the burden of proof to the accused to prove that he did not commit a contempt. It appears that the trial court presumed the appellant guilty unless he could prove his innocence. Such a result is clearly not contemplated by the case law, or permitted by Rules 3.830 or 3.840, supra.
The court would be naive and, as the saying goes, "have its head in the sand," if it did not believe that somebody was behind the demonstrations. The cogent fact is that the state did not prove by a modicum of evidence that Turner caused, encouraged and/or condoned the disruptions. He cannot be found guilty as charged on the basis of surmise, conjecture, suspicion or speculation. Cases too numerous to cite support this position of law. In the instant case, we submit, there is no evidence to show that appellant caused, encouraged and/or condoned the disruptions. As in Thompson v. City of Louisville, (1960), 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654, *161 the record before us is barren of any evidence to support appellant's conviction. Likewise, in Garner v. Louisiana, (1961), 368 U.S. 157, page 163, 82 S.Ct. 248, page 251, 7 L.Ed.2d 207, page 213 the Supreme Court of the United States held:
... As stated in Thompson v. Louisville (US) supra, our inquiry does not turn on a question of sufficiency of evidence to support a conviction, but on whether these convictions rest upon any evidence which would support a finding that the petitioners' acts caused a disturbance of the peace.
Upon consideration of the testimony of circumstances, it would constitute manifest injustice to find the appellant guilty of direct contempt.
In view of the above opinion, that this cause should be reversed, the other points raised by appellant need not be discussed.
Accordingly, we reverse and remand to the trial court for further proceedings consistent herewith.
MANN, C.J., and LILES, J., concur.