PER CURIAM.
The petitioner Husky has sought a writ of prohibition to prevent further action under a circuit court order of September 17, 1981, directing him to show cause why he should not be held in indirect criminal contempt for violating an order of August 26, 1981, entered upon notice and hearing attended by petitioner. The latter order prohibited certain actions by petitioner which were, in effect, declared violative of a prior June 22,1981, order determining dependency of a child, M. E. M., and ordering her to have no contact with petitioner.
Petitioner’s reliance upon the reasoning of In re. S. M. G., 291 So.2d 43 (Fla. 4th DCA 1974), is misplaced because of our conclusion that the August 26 order directed to petitioner is limited to conduct reasonably regarded as “interfering with ... or violating [the June 22nd] order of the court.” § 39.412, Florida Statutes. Although we find no perfect parallel in previous cases involving indirect criminal contempt, cf., Ryals v. United States, 77 F.2d 97 (5th Cir. 1935); State ex rel. Huie v. Lewis, 80 So.2d 685 (Fla.1955); Bryant v. State, 363 So.2d 1141 (Fla. 1st DCA 1978); Somerstein v. City of Miami, 319 So.2d 158 (Fla. 3d DCA 1975), we conclude that the order in question is within the statutory intendment, and that petitioner has failed to show entitlement to relief by writ of prohibition.
DENIED.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.