WENTWORTH, Judge.
Appellant seeks review of a judgment and sentence entered upon a finding that appellant committed an indirect criminal contempt. Since appellant has failed to present any point of reversible error, we affirm the order appealed.
Appellant is a self-proclaimed “King of the Gypsies” who often intercedes on behalf of gypsies involved in the American legal system. The present case involves representations appellant made as interpreter and plea negotiator for two gypsy women charged with burglary. The transcript of the plea proceeding indicates that the court would not have accepted the negotiated plea without appellant’s assurance to the effect that he would undertake responsibility for the women and insure their transportation and delivery to immigration officials, and thereafter advise the court by affidavit as to the women’s status. However, the women were not delivered to immigration officials, and it appears that appellant misrepresented to the court the circumstances of the women’s transportation. Appellant also failed to make any affidavit as to the women’s status.
Although appellant was not a party to the prior proceeding, in appropriate circumstances a non-party may be held in contempt. Cf. Husky v. Safer, 419 So.2d 1158 (Fla. 1st DCA 1982). In the present case appellant’s extensive participation in both plea negotiations and the in-court proceeding, culminating in affirmative material representations and an express assumption of responsibility, are sufficient circumstances to render appellant susceptible of a contempt adjudication, as defined in § 38.-23, Florida Statutes, upon a “refusal to obey” the court’s order.
*1032 The judgment and sentence appealed are affirmed.
LARRY G. SMITH and JOANOS, JJ., concur.