455 So.2d 1325 (1984)
In re Contempt of Jack R. ELROD.
In re the Interest of K.N.L.
No. 83-1269.
District Court of Appeal of Florida, Fourth District.
September 19, 1984.
*1326 Michael Salnick of Kohl, Springer, Springer, Mighdoll & Salnick, Palm Springs, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
Before us is an appeal from a trial judge's order adjudging a third party to be in indirect criminal contempt. We affirm.
The delinquent minor female in this case persisted in a continuing relationship with an adult male resulting in an order that the child was to have "no contact with [the adult male] and he is to have no contact with her." The record reveals that ignoring the trial court's directives has been par for the course in this particular matter and so it was on this occasion because the relationship continued. As a result, the trial court held the adult male to be in indirect criminal contempt and he now appeals claiming that since he was not a party to the proceedings concerning the delinquency of the child, the court had no jurisdiction to find him in contempt.
We begin by agreeing that a court does not have the contempt powers to enforce violations of its orders if they are rendered without jurisdiction over the subject matter or the parties. See State ex rel. Everette v. Petteway, 179 So. 666 (Fla. 1938). Likewise, a person may safely disobey the command of a court even though it has jurisdiction over the subject matter and the parties, if it attempts to enter a particular order that transcends its power or authority. On the other hand, one charged with contempt cannot defend by showing that the order was merely erroneous as distinguished from void. Health Clubs, Inc. v. State ex rel. Eagan, 377 So.2d 28 (Fla. 5th DCA 1979).
In the present case, the trial court clearly was without jurisdiction to order the adult male to refrain from any contact with the delinquent child; therefore, its attempt to enforce the order by adjudicating him in contempt of court for violating *1327 would, on that basis, be void. See State v. S.M.G., 313 So.2d 761 (Fla. 1975), where the supreme court held that the juvenile court acted beyond its authority by issuing an order directing the mother of a delinquent child to participate in a drug rehabilitation program. In that case, the supreme court reasoned that the juvenile court is one of limited jurisdiction, delineated under Chapter 39, Florida Statutes (1971), which only authorizes the court to order parents of delinquent children to pay the person or institution having custody, reasonable sums for the child's care, support and maintenance. Thus, the supreme court concluded that the juvenile court lacked the power to order a parent of a delinquent child to do any other act and, therefore, had no authority to punish the mother for contempt if she disobeyed its order.
At first blush, it would appear that the two preceding paragraphs and cases cited therein would require a reversal of the trial judge's order in the matter now before us, but there is another side to this coin, namely: Can the adult male be held in contempt for interfering with the trial court's order directing the juvenile to have no contact with him? We answer in the affirmative. This may sound like a distinction without a difference, but under Section 39.13, Florida Statutes (1983), a court can exercise its contempt powers and punish any person interfering with the administration of, or violating any provision of, the juvenile justice act. Thus, the trial court apparently has the authority to hold the adult male in contempt for purposely interfering with the court's valid order addressed to the juvenile. See Husky v. Safer, 419 So.2d 1158 (Fla. 1st DCA 1982).
We have no doubt that the record supports that the adult male knowingly interfered with the order in this case and it would appear that if the third party has notice of, or knowledge of, the order yet disobeys it and acts in concert with, or aids and abets the juvenile, then he can be punished by contempt. See Annot., 7 A.L.R. 4th 893 (1981). See also Washington v. Washington State Commercial Passenger Fishing Vessel Association, 443 U.S. 658, 99 S.Ct. 3055, 3078 n. 32, 61 L.Ed.2d 823 (1979).
AFFIRMED.
HERSEY and HURLEY, JJ., concur.