497 So.2d 692 (1986)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
STRAIGHT, INC., Appellee.
No. BL-151.
District Court of Appeal of Florida, First District.
October 30, 1986.
Rehearing Denied December 2, 1986.
*693 Theodore E. Mack and B. Elaine New, Asst. Gen. Counsel, Tallahassee, for appellant.
Anthony S. Battaglia and Stephen J. Wein of Battaglia, Ross, Hastings, Dicus & Andrews, St. Petersburg, for appellee.
THOMPSON, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals a final summary judgment granting the declaratory relief sought by the appellee. We affirm.
Straight, Inc., a nonprofit corporation which operates a drug treatment and rehabilitation program licensed by HRS under Chapter 397, Fla. Stat., filed a motion for summary final judgment seeking to have the court declare that Chapter 397, does not prevent a parent from placing a minor child in a drug treatment program without obtaining either the child's consent or judicial review of the child's involuntary commitment pursuant to § 397.052. HRS contends that a minor may be placed in a drug treatment program only if he consents to such treatment or if involuntary treatment is ordered under § 397.052. It also contends that parents do not have the discretion to place their minor children, against their will, in drug treatment programs. Finally, HRS argues that Parham v. J.R., 442 U.S. 584, 99 S.Ct. 2493, 61 L.Ed.2d 101 (1979) prevents parents from involuntarily committing their minor children to a drug treatment program and imposes certain due process requirements before involuntary treatment of a minor drug user can be compelled. We disagree with HRS on all of its contentions.
The primary purpose and intent of Chapter 397 is to educate the general public about illicit drug usage and to promote the treatment of drug abuse and dependence. § 397.011, Fla. Stat. Section 397.099 removes the disabilities of nonage of a minor drug abuser or drug dependent who recognizes his drug problem and desires treatment or rehabilitation. This section allows a minor to contract to obtain treatment and prevents him from later disavowing his voluntary consent by reason of his minority. It does not require that treatment for minors may be obtained only with the minor's consent or otherwise restrict the right of the parent to place the minor child in a licensed treatment program as contended by HRS.
Section 397.052 merely provides that a parent or other named interested party may apply to the circuit court for the involuntary placement of a drug abuser in a treatment program. This section does not authorize involuntary commitment of persons who are drug dependent and does not in any way restrict the right of the parent to place a minor child in a treatment program regardless of the minor's consent if the minor is either a drug abuser or drug dependent. Chapter 397 in no way limits or restricts the long recognized right and duty of parents to train and educate their minor children and to exercise such control and use such disciplinary measures as will enable them to discharge their parental duty. Parental authority in rearing children is not absolute and may be limited by the state if that authority is exercised in an unreasonable manner or is otherwise abused. The parental right to the companionship, care, custody and management of children is an important interest that warrants deference and, absent a powerful countervailing interest, protection. Lassiter v. Department of Social Services, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).
Parham v. J.R., relied upon by both parties, involved the involuntary commitment of a minor to a state mental hospital. A majority of the court held that the due process clause of the 14th Amendment did not require pre-confinement commitment hearings in all cases in which the parents wished to hospitalize their children. The court discussed the disadvantages that an involuntary adversarial proceeding would *694 have on the relationship of the parents and child. The fact that the decision of the parent is not agreeable to the child or involves risks does not automatically transfer the power to make that decision from the parents to some agency or officer of the state. The court also said that most children, even in adolescence, simply are not able to make sound judgments concerning many decisions, including their need for medical care or treatment. This would be particularly true for drug abusers and even drug dependents. Parents can and should make those judgments in most cases.
The trial court properly held that Chapter 397 does not by its express provisions or by implication prevent a parent from placing a minor child with a state licensed drug treatment facility or program without the consent of the child and without judicial review.
AFFIRMED.
JOANOS and NIMMONS, JJ., concur.