507 So.2d 1164 (1987)
John DOE and Mary Doe, Petitioners,
v.
Hon. John W. WATSON, III, Circuit Judge, Seventh Judicial Circuit, Respondent.
No. 87-553.
District Court of Appeal of Florida, Fifth District.
May 26, 1987.
Joe C. Miller, II, and Linda Logan Bryan, of Miller, Shine & Bryan, P.A., St. Augustine, for petitioners.
Robert A. Butterworth, Atty. Gen., and Shirley A. Walker, Asst. Atty. Gen., of Dept. of Legal Affairs, Tallahassee, for respondent Watson.
Kenneth B. Sills, of Daytona Beach, for respondent DiFranza.
William J. Voges, of Fink, Loucks, Sweet & Voges, of Daytona Beach, for respondent Children's Home Society of Florida.
*1165 Robert Robins, of Daytona Beach, Atty. Ad Litem.

ON PETITION FOR WRIT OF PROHIBITION
SHARP, Judge.
The adoptive parents of a minor child petition this court for issuance of a writ of prohibition directed to an order of the trial court which compels them to submit the child for a blood test. The petitioners are not parties to the suit below, nor were they served with a notice of hearing at which the need for the blood test was determined, and they therefore were given no opportunity to present any objections on behalf of themselves or their adopted child. We agree the writ should be issued.
The suit below began when the putative natural father of the minor child sought to vacate the order permanently committing the child for adoption. He claimed the order should be set aside because of fraud stemming from the natural mother's affidavit which falsely claimed she did not know the identity of the natural father. He also claimed the adoption agency was aware of his identity and claims prior to entry of the final adoption order.
In order to establish the standing of the natural father in this case, the court determined that a blood test of the child was necessary. At the time the putative father's motion to compel a blood test was filed, he did not know the petitioners' identity, and they did not receive a copy of the motion or notice of the hearing. After the hearing, the court entered an order compelling petitioners to submit the child for a blood test. It also provided that if petitioners failed to comply, they would have to appear and show cause why they should not be held in contempt. Petitioners were subsequently located and personally served with a copy of the order.
Petitioners argue that the court lacks jurisdiction to hold them in contempt because they are not parties to the proceeding below.[1] We reject this position since clearly a court has inherent contempt power to punish persons other than parties for violating a valid order. See R.M.P. v. Jones, 419 So.2d 618 (Fla. 1982). One who is not a party to an action, but who has knowingly interfered with a court order, may be held in contempt. See, e.g., In re Elrod, 455 So.2d 1325 (Fla. 4th DCA 1984); Johnson v. State, 444 So.2d 1031 (Fla. 1st DCA 1984).
However, petitioners, as the legal adoptive parents of the child, clearly have an important interest in this case which warrants protection.[2] They are the adoptive parents of this child based on a presumptively valid judgment of adoption. Moreover, the Florida legislature has specifically acknowledged the rights of parents with regard to their children's care by providing that the parents of a dependent child in the custody of HRS still have a right to consent to the examination or treatment of their child, absent emergency circumstances.[3]
In this case, petitioners never had notice or an opportunity to object to the motion to compel their child's blood test. The fact that the child's guardian ad litem and attorney ad litem did have notice does not cure the basic violation of petitioners' rights as parents. Accordingly, the petition for writ of prohibition is granted, without prejudice to the reconsideration by the trial court of the motion to compel the child's blood test after proper notice and opportunity to be heard by the petitioners. The petitioners may also assert in the trial court the contention raised here that the *1166 trial court has no jurisdiction to set aside the Order of Permanent Commitment for Subsequent Adoption entered November 7, 1983, an issue we specifically decline to rule on prior to a ruling by the trial court.
WRIT OF PROHIBITION ISSUED.
COWART and ORFINGER, JJ., concur.
NOTES
[1] We do not reach the question of whether petitioners must be made parties to the action below for the court's decision on the motion to vacate to be binding on them.
[2] See Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972), "... [A] parent's desire for and right to `the companionship, care, custody and management of his or her children' is an important interest that `undeniably warrants deference' and, absent a powerful counterveiling interest, protection." See also Lassiter v. Dept. of Social Services, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); Dept. of HRS v. Straight, Inc., 497 So.2d 692 (Fla. 1st DCA 1986).
[3] § 39.407(1)(e), Fla. Stat. (1985).