CAMPBELL, Judge.
Appellant husband appeals an order finding him guilty of indirect contempt in a dissolution of marriage proceeding in the trial court. Appellant argues that the order of contempt should be vacated because the trial judge failed to comply with the procedural requirements of Florida Rule of Criminal Procedure 3.840, thereby denying appellant procedural due process.
We find merit only in the argument that the trial judge did not sufficiently comply with the mandate of rule 3.840(a)(6). That section of the rule provides that at the conclusion of the contempt hearing the trial judge shall sign and enter of record a judgment of guilt or not guilty that shall include a recitation of the facts constituting the contempt. Our courts have held that the procedures set forth in rule 3.840 must be strictly followed before a person is found guilty of indirect criminal contempt. Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977); Bukszar v. Bukszar, 368 So.2d 430 (Fla. 2d DCA 1979); Vines v. Vines, 357 So.2d 243 (Fla. 2d DCA 1978).
We find that the trial court sufficiently complied with rule 3.840 except that it failed to recite the facts that constituted the contempt in the judgment of guilt. Therefore, we vacate the order of commitment. On remand, the trial judge may enter a judgment of guilt containing a proper recitation of facts based upon its findings at the show cause hearing. Upon entry of such a judgment, an order of commitment may be reissued without the necessity of further hearings.
The order is thereby vacated and remanded.
DANAHY, C.J., and RYDER, J., concur.