THREADGILL, Chief Judge.
Stanley Wisniewski challenges an order holding him in indirect criminal contempt and sentencing him to pay a fine of $125 and serve 25 days of clerk supervised probation for violation of a domestic violence injunction. We reverse.
On July 21,1994, the court issued an order directing Wisniewski to show cause why he was not in contempt for failing to obey a domestic violence injunction previously issued and served on him. There is dispute over whether his wife’s affidavit/motion in support of the order was attached to the order. However, we find that the order, with or without her affidavii/motion attached, was insufficient to meet minimum due process requirements.
Greater procedural due process safeguards are accorded when proceedings are for indirect criminal contempt. This principle is recognized in Florida Rule of Criminal Procedure 3.840. The Rule requires that an order to show cause state “the essential facts constituting the criminal contempt charged....” Bray v. Rimes, 574 So.2d 1114 (Fla. 2d DCA 1990), citing Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977).
The order in this case stated, “YOU ARE HEREBY ORDERED to show cause ... why you STANLEY WISNIEWSKI, failed to obey the Court Order ... as indicated in the attached affidavit.” The affidavit alleged only that, “Over past 2 months he has violated the restraining order returning to & walking around property ... He has been seen parking on a neighbors driveway to do this....”
We conclude that neither the order nor the affidavit sufficiently informed Wisniewski of the charges against him so as to accord him reasonable opportunity to meet the charges by way of defense or explanation. See Grant v. State, 464 So.2d 650 (Fla. 4th DCA 1985). We therefore reverse the order of contempt without prejudice to renew the proceedings with the appropriate notice as indicated in this opinion. In light of this opinion, we need not address the other issues raised on appeal.
Reversed.
PATTERSON and BLUE, JJ., concur.