658 So.2d 632 (1995)
Carol LINDMAN and John W. McMillin, Appellants,
v.
Don E. ELLIS, Appellee.
No. 94-00911.
District Court of Appeal of Florida, Second District.
July 21, 1995.
*633 Robert T. Maher of Law Office of Kevin F. Jursinski, Fort Myers, for appellant Lindman.
Jack P. Pankow of Jack P. Pankow, P.A., Fort Myers, for appellant McMillin.
Gordon R. Duncan of Duncan & Engvalson, P.A., Fort Myers, for appellee Don E. Ellis, Receiver.
BLUE, Judge.
Carol Lindman and John W. McMillin appeal an order finding them in contempt of court for their failure to allow Don E. Ellis, a court-appointed receiver, to cast votes at a condominium association meeting and imposing fines as sentences.[1] Because the trial court failed to follow the requirements of Florida Rule of Criminal Procedure 3.840 and the evidence was not sufficient to support convictions for indirect criminal contempt, we reverse.
First Florida Bank sued John W. McMillin in a foreclosure action involving twenty-eight condominium units. Carol Lindman, McMillin's stepdaughter and business associate, had no ownership interest in the twenty-eight condominium units and was not a party to the foreclosure action.[2] Lindman was the secretary of the condominium association where the twenty-eight condominium units were located; McMillin was the association's president. On First Florida's request, the circuit court appointed a receiver for the condominium units during the pendency of the foreclosure action.
The day before the condominium association's annual meeting, the receiver obtained a circuit court order granting him the exclusive voting rights for the twenty-eight condominium units. The receiver did not personally attend the annual meeting but sent a representative accompanied by the receiver's attorney *634 and twenty-eight completed ballots for the election of directors. McMillin was present at the meeting, but rather than preside, he turned the meeting over to Lindman. Lindman was aware of the circuit court's order giving the receiver voting rights.
When the receiver's representative presented the ballots, Lindman refused to accept them and count them in the election. The record contains unsupported allegations that Lindman rejected the ballots with the intention of affecting the election's outcome. The only direct evidence about why the ballots were rejected was from Lindman. She presented uncontradicted testimony that she refused the ballots because they were not presented in conformance with section 718.112, Florida Statutes (1993), and Florida Administrative Code Rule 61B-23.0021. The receiver's testimony supports Lindman's testimony on this point. The record contains no clear evidence that McMillin actively participated in the decision to reject the receiver's ballots.
As a result of the receiver's rejected ballots, affidavits were filed and the circuit judge entered a show cause order as to why Lindman and McMillin should not be held in contempt for "refusal to permit the receiver, Don E. Ellis, at the annual meeting to exercise the voting rights ..." Following an extensive evidentiary hearing, the circuit judge entered the February 23, 1994, order of contempt, finding that:
McMillin and Lindman's act was done with the knowledge that the Order existed and was done with the intent of interfering with that Order. The Court hereby finds them to be in contempt, for which the Court sentences them to pay a fine in the amount to Six Thousand Dollars ($6,000.00) each... .
In order to properly review the contempt order, we must determine the nature of the contempt for which Lindman and McMillin were found guilty and the proceedings leading to the order of contempt. See Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977). In civil contempt, the court may employ a fine as a sanction to coerce compliance or to compensate a party for actual damages. See Johnson v. Bednar, 573 So.2d 822, 824 (Fla. 1991). In criminal contempt, the court may impose a fine as punishment. Based on the sanctions imposed, we conclude that the order of contempt was for criminal contempt. Our conclusion is based on the court's order which specifically sentenced Lindman and McMillin to pay a fine of $6,000. The order recognized that no remedial action was available nor was there any requirement for future action. Clearly, the order did not seek to coerce. There was no indication that the fine was compensatory or related to any damages suffered by the receiver. Therefore, the fine imposed was intended as punishment.
An order of indirect criminal contempt requires strict adherence with Florida Rule of Criminal Procedure 3.840, which was lacking in this case. First, the order to show cause was legally insufficient because it relied on an unsworn motion for the purpose of setting forth the allegations. The sworn affidavits in the record were not incorporated into the show cause order. The order itself contained only one legally sufficient allegation  that the receiver was not allowed to exercise the voting rights. Second, the sentence was not pronounced in open court and Lindman and McMillin were not present. Finally, the fine exceeds that authorized by section 775.02, Florida Statutes (1993).
Even if the circuit judge had followed the requirements of rule 3.840, this court would still reverse. The evidence presented at the show cause hearing did not reach the standard necessary to support a criminal contempt conviction, that is, beyond a reasonable doubt. See Turner v. State, 283 So.2d 157 (Fla. 2d DCA 1973). At the meeting, McMillin announced that he would not be casting votes for the twenty-eight condominium units and he did not. Although the relationship between McMillin and Lindman and their close contact at the meeting raised the suspicion that McMillin influenced Lindman, that suspicion does not rise to the level of proof beyond a reasonable doubt.
The evidence supports the trial court's finding that Lindman refused to allow the receiver to vote. However, the receiver, having the right to vote in the condominium election, failed to prepare and cast the ballots *635 in accordance with the statutory and regulatory requirements applicable to condominium elections. The circuit court's order allowing the receiver to vote did not carry with it the authority for the receiver to vote in violation of the law. Therefore, Lindman's refusal to accept the receiver's ballots was not proof of contempt beyond a reasonable doubt.
Accordingly, we reverse the order of contempt.
CAMPBELL, A.C.J., and FULMER, J., concur.
NOTES
[1] The case style has been corrected to reflect the receiver as the true party in interest for the appellee.
[2] Although the parties did not raise the issue, we have examined the question of the trial court's jurisdiction as to Lindman. Lindman was not a party to the foreclosure action and the order authorizing the receiver to vote was not directed to her. A nonparty may not be held in indirect civil contempt. See Gayety Theatres, Inc. v. State, 359 So.2d 915 (Fla. 3d DCA 1978). However, under certain circumstances, a nonparty may be subject to indirect criminal contempt. See In re Elrod, 455 So.2d 1325 (Fla. 4th DCA 1984).