KLEIN, J.
The issue we address in this case is whether a lawyer representing a party in a proceeding was properly found to be in civil contempt. We conclude that although the trial court thought it was holding appellant in civil contempt, it was in actuality criminal contempt which the court was imposing. Because due process requirements for criminal contempt were not followed, we reverse.
*528 Appellant represented one of the parties in this action arising out of a trust and seeking relief against the appellees Alter and Fleet Clearing Corporation. During the litigation, appellant sent Fleet a letter notifying Fleet that funds being held by Fleet were the subject of legal actions and any transfers by Fleet to appellee Alter would be actionable. About ten days later the court entered an order removing any restrictions on the use of the disputed funds.
Appellant was then asked by one or more of the parties to withdraw his letter and/or release Fleet from any future claims, but he refused to do so. Although there was no court order requiring appellant to do anything, the trial court held appellant in civil contempt because of his refusal to withdraw the letter, and imposed a fine of $10,000, $2,500 payable to Fleet and $7,500 payable to Alter.
As our supreme court recently explained:
there are two distinct types of contempt proceedings: (1) criminal contempt proceedings, and (2) civil contempt proceedings.
Criminal contempt is used to punish intentional violations of court orders or to vindicate the authority of the court, and potential criminal contemnors are entitled to the same constitutional due process protections afforded criminal defendants in more typical criminal proceedings.
On the other hand, the primary purpose of a civil contempt proceeding is to compel future compliance with a court order. A civil contempt sanction is coercive in nature and is avoidable through obedience, [citations omitted]
Amendments to Florida Family Law Rules of Procedure, 723 So.2d 208 (Fla.1998).
In the present case, at the point in which the court began the contempt proceedings, compliance with a court order was not an issue, and the order imposing the fine did not coerce compliance with a court order. Under these circumstances the purpose of a motion for contempt can only be punitive. Taylor v. Searcy Denney Scarola Barnhart & Shipley, P.A., 651 So.2d 97, 98-99 (Fla. 4th DCA 1994). Where, as here, the fine is not related to any damages suffered by the aggrieved party, but rather is intended as punishment, the contempt is criminal. Lindman v. Ellis, 658 So.2d 632, 634 (Fla. 2d DCA 1995). Accordingly, this order cannot be affirmed as civil contempt.
Nor can it be affirmed as criminal contempt. During the hearing appellant attempted to assert his due process rights, specifically the right to counsel. The court, on the assumption that the proceeding was one for civil contempt, denied appellant his right to counsel, and, in essence, compelled him to testify on the spot. Because the due process rights provided in Florida Rule of Criminal Procedure 3.840, for criminal contempt were not followed, that remedy will not be available on remand. Reversed.[1]
POLEN and SHAHOOD, JJ., concur.

. A question we need not reach in this case is whether appellant, who was counsel in this case, and not a party, can be held in civil contempt. There is authority that civil contempt cannot be applied against non-parties. Gayety Theatres, Inc. v. State ex. rel. Gerstein, 359 So.2d 915 (Fla. 3d DCA 1978) and Lindman v. Ellis, 658 So.2d 632, n. 2 (Fla. 2d DCA 1995). Non-parties can be held in criminal contempt. Doe v. Watson, 507 So.2d 1164 (Fla. 5th DCA 1987); In re Elrod, 455 So.2d 1325 (Fla. 4th DCA 1984); Johnson v. State, 444 So.2d 1031 (Fla. 1st DCA 1984).