751 So.2d 152 (2000)
Bradford C. HAGERMAN, Appellant,
v.
Lisa J. HAGERMAN, Appellee.
No. 2D99-380.
District Court of Appeal of Florida, Second District.
January 28, 2000.
*153 Michele S. Stephan of John P. Graves, Jr., Chartered, Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, Acting Chief Judge.
Bradford C. Hagerman appeals a trial court order, which adjudicates him guilty of indirect criminal contempt for failure to comply with a support order entered in a previous marital dissolution proceeding. The facts giving rise to the contempt proceeding are not essential to our decision, so we do not recite them. Despite the trial judge's stated intentions to proceed in accordance with the applicable rules, the proceedings failed to comply with the requirements of Florida Rule of Criminal Procedure 3.840. For that reason, we reverse.
The initial show cause order issued to Hagerman in the contempt proceeding failed to set forth, as required by rule 3.840(a), any of the essential facts which purportedly constituted the charged criminal contempt. It merely stated that it appeared that Hagerman had violated a prior court order, and that the matter was consequently before the trial court on a motion filed by the former wife. The former wife's motion, however, was not sworn to and did not otherwise constitute an affidavit, as required by the rule. See Fla. R.Crim. P. 3.840(a). The show cause order was therefore deficient. See Lindman v. Ellis, 658 So.2d 632 (Fla. 2d DCA 1995).
The contempt order itself fails to comply with rule 3.840(f), in that it does not recite the facts which constitute the contemptuous conduct. It merely holds Hagerman in willful indirect criminal contempt for violating a prior court order. Citing Gidden v. State, 613 So.2d 457 (Fla. 1993), the State argues that written findings are unnecessary where sufficient oral findings are made on the record. In this instance, however, the trial judge made no factual findingshe merely found Hagerman in contempt and sentenced him.
Hagerman argues, and we agree, that the evidence was insufficient to prove beyond a reasonable doubt that he willfully violated a prior court order. The only sworn testimony presented at the hearing was that of Hagerman who, acting pro se, explained his conduct by denying that he *154 willfully violated the order. There was no other sworn testimony in support of the contempt allegations; rather, only the arguments of the former wife's attorney. Since Hagerman's intention to disobey the court order was required to be established by proof beyond a reasonable doubt, the evidence at the hearing was insufficient. See Hunnefeld v. Futch, 557 So.2d 916 (Fla. 4th DCA 1990).
The State argues that none of the errors raised by Hagerman were preserved for review, because he failed to object at the hearing. The State acknowledges, however, that this and other courts have ruled that the failure to comply with rule 3.840 is fundamental error and no objection is required. See Cole v. State, 714 So.2d 479 (Fla. 2d DCA 1998); Giles v. Renew, 639 So.2d 701 (Fla. 2d DCA 1994); Reins v. Johnson, 604 So.2d 911 (Fla. 2d DCA 1992); Bray v. Rimes, 574 So.2d 1114 (Fla. 2d DCA 1990); Hunt v. State, 659 So.2d 363 (Fla. 1st DCA 1995); Starchk v. Wittenberg, 411 So.2d 1000 (Fla. 5th DCA 1982); Deter v. Deter, 353 So.2d 614 (Fla. 4th DCA 1977). We disagree with the State's argument that the foregoing cases were decided incorrectly.
Accordingly, the contempt order is reversed.
Reversed.
FULMER and DAVIS, JJ., Concur.