827 So.2d 397 (2002)
Kevin L. MIX, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-5112.
District Court of Appeal of Florida, Second District.
October 11, 2002.
*398 James Marion Moorman, Public Defender, and Raymond Dix, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Kevin L. Mix appeals an order finding him guilty of indirect criminal contempt due to his failure to pay child support. We reverse because the order to show cause that was issued to prosecute the indirect criminal contempt was deficient.
This case arises from a civil action for child support. In 1991 Mix and his then wife were divorced. In the final judgment of dissolution of marriage, the former wife was granted primary residential responsibility for their minor child. Mix was ordered to pay child support of $400 per month.
In January 2000 Mix's former wife filed a combined motion to hold the former husband in contempt for nonpayment of child support, to enforce the final judgment, and to obtain an order to show cause. She claimed that Mix's nonpayment was willful and that he should be held in contempt of court for his failure to make the required payments.
In June 2000 the trial court issued an order to show cause that referred to the former wife's motion and directed Mix to show why he should not be held in indirect criminal contempt "for failing to abide by the terms of the Court's Final Judgment of Dissolution of Marriage entered on December 16, 1991, and the Income Deduction Order entered on December 16, 1991, and Order on Report of General Master entered March 16, 2000." At the evidentiary hearing on the order to show cause, Mix moved to dismiss arguing that the order was legally insufficient because it did not state the facts constituting contempt and no affidavit containing the necessary facts was incorporated into the order. The trial court denied the motion to dismiss as well as Mix's motions for a judgment of acquittal. The trial court adjudicated Mix guilty of indirect criminal contempt and sentenced him to sixty days in jail.
Pursuant to Florida Rule of Criminal Procedure 3.840(a), a judge, on the judge's own motion or on an affidavit of any person having knowledge of the facts, may issue "an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring the defendant to appear before *399 the court to show cause why the defendant should not be held in contempt of court." Mix correctly argues that the order to show cause issued against him was legally deficient.
In Hagerman v. Hagerman, 751 So.2d 152 (Fla. 2d DCA 2000), this court concluded that an order to show cause was deficient when it simply stated that it appeared the defendant had violated a prior court order and failed to set forth any of the essential facts which purportedly constituted the charged criminal contempt. Id. at 153. The order to show cause was also deficient because the former wife's motion was not sworn and did not constitute an affidavit. Id.
Here, as in Hagerman, the former wife's unsworn motion was the basis of the order to show cause. While the motion contained an acknowledgment made by the former wife before a notary public, the notary's certificate specified that the former wife was not under oath. Consequently, the motion was not sufficient to be considered an affidavit. See Pina v. Simon-Pina, 544 So.2d 1161, 1162 (Fla. 5th DCA 1989). Further, the order to show cause referred to the former wife's motion, but the order did not contain the essential facts constituting the charged criminal contempt and neither the motion nor any affidavits were attached to the order. As a result, the order to show cause was legally insufficient. Compare Lindman v. Ellis, 658 So.2d 632, 634 (Fla. 2d DCA 1995) (concluding that an order to show cause was legally insufficient because it relied on an unsworn motion for the purpose of stating the allegations and the sworn affidavits in the record were not incorporated into the show cause order), with Brown v. State, 595 So.2d 259, 260 (Fla. 2d DCA 1992) (finding that an order to show cause was sufficient because it incorporated and attached the former wife's sworn petition).
The procedures under rule 3.840 must be strictly followed before a person is found guilty of indirect criminal contempt. Folsom v. Folsom, 509 So.2d 1330 (Fla. 2d DCA 1987). A court's failure to comply with rule 3.840 is fundamental error and no objection is required. Hagerman, 751 So.2d at 154. Because the order to show cause did not adhere to the requirements of rule 3.840, we are compelled to reverse. Our reversal is without prejudice to new proceedings being initiated in conformity with rule 3.840. See Wisniewski v. Wisniewski, 657 So.2d 944, 945 (Fla. 2d DCA 1995); Bray v. Rimes, 574 So.2d 1114, 1116 (Fla. 2d DCA 1990). In light of our reversal due to the insufficiency of the order to show cause, the other issues raised by Mix are moot.
Reversed and remanded.
PARKER and NORTHCUTT, JJ., concur.