IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

J.L. and J.L.,

    Petitioners,

v.

STATE OF FLORIDA,

    Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3236

Opinion filed January 17, 2017.

Petition for Writ of Certiorari – Original Jurisdiction.

Brooke V. Elvington of Brooke Elvington Appellate Law, P.A., Clearwater, for Petitioners.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Respondent.

PER CURIAM.

    Petitioners sought to quash a writ of bodily attachment based on their failure to appear at contempt proceedings, on the grounds that the juvenile court did not have jurisdiction to find them in contempt, and because they were not properly

served with the order to show cause. We find that the juvenile court was authorized to hold petitioners in contempt. See, e.g., In re Elrod, 455 So. 2d 1325, 1327 (Fla. 4th DCA 1984); Husky v. Safer, 419 So. 2d 1158, 1159 (Fla. 1st DCA 1982). However, we determine that the trial court erred in denying petitioners' motion to quash a writ of bodily attachment, because the record does not demonstrate that they were properly served. See Fla. R. Juv. P. 8.150(c)(2). Petitioners' appearance at the hearing to contest jurisdiction and object based on lack of service of process did not waive service. See Caldwell v. Caldwell, 921 So. 2d 759, 760 (Fla. 1st DCA 2006) (holding that a party loses its right to contest default final judgment on grounds of defective service of process by entering general appearance unless it also contests service of process or raises issue of personal jurisdiction). The petition for writ of certiorari is GRANTED, and the order of the trial court is quashed.

ROBERTS, C.J., ROWE, and WINOKUR, JJ., CONCUR.