# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**SCOTT S. LEVINE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-118

[February 3, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case Nos. 502017CA002831 and 502019MM012967A.

Leonard S. Feuer of Leonard Feuer, P.A., West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Attorney Scott Levine appeals his conviction and sentence for one count of indirect criminal contempt. We reverse because the charging document, the order to show cause, failed to state the essential facts constituting the criminal contempt, as required by Florida Rule of Criminal Procedure 3.840(a).

The contempt proceedings arose from Levine's conduct during his representation of plaintiffs in a separate civil proceeding. To say that Levine dropped the litigation ball in that civil case is an understatement. Levine's failings arose from inaction. He ignored trial court orders. He failed to attend a case management conference. He conducted no discovery. He did not comply with two mediation orders.

Levine took the position that his failure to act arose from multiple medical problems and a "severe and debilitating depression."

Instead of imposing lesser sanctions, the trial court initiated an indirect criminal contempt proceeding against Levine by issuing a rule to show cause. The court held a contempt hearing immediately after a hearing on a motion to strike the plaintiffs' pleadings in the civil case.[1] The trial court found appellant guilty of one count of indirect criminal contempt and sentenced him to pay a fine of $860 and to a term of probation.

We reverse the contempt order because the order to show cause failed to state the essential facts constituting the contempt.

Florida Rule of Criminal Procedure 3.840 sets forth the procedure that must be followed in the prosecution of indirect criminal contempt. Rule 3.840(a) provides, in pertinent part:

> **(a) Order to Show Cause.** The judge, on the judge's own motion or on affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, *stating the essential facts constituting the criminal contempt charged* and requiring the defendant to appear before the court to show cause why the defendant should not be held in contempt of court.

Fla. R. Crim. P. 3.840(a) (emphasis added). "Failure to strictly follow the dictates of Rule 3.840 . . . constitutes fundamental, reversible error." *Graham v. Fla. Dep't of Children & Families*, 970 So. 2d 438, 441–42 (Fla. 4th DCA 2007). Having chosen the sanction of criminal contempt, as opposed to coercive civil contempt, the trial court was required to comply with Rule 3.840.

In this case, the order to show cause directed Levine "to show cause why he should not be held in and punished for indirect criminal contempt of Court, pursuant to rule 3.840, Florida Rules of Criminal Procedure, for knowingly and intentionally failing to comply with the orders of this Court." The order recites the titles of the four court orders Levine was accused of violating without setting forth any "essential facts" constituting the contempt.

---

[1] In a detailed written order, the trial court granted the motion to strike the pleadings and dismissed the complaint with prejudice. The court discussed each of the factors outlined in *Kozel v Ostendorf*, 629 So. 2d 817 (Fla. 1993). We affirmed that order in a separate opinion issued at the same time as this one. *See Arnoul v. Perlstein*, ___ So. 3d ___, Case No. 4D20-67 (Fla. 4th DCA Feb. 3, 2021).

In a similar case, we reversed an indirect criminal contempt conviction where the order to show cause merely identified the order that was violated, without more. In *Blechman v. Dely*, 138 So. 3d 1110, 1113 (Fla. 4th DCA 2014), we held that the order to show cause failed to set forth "essential facts" constituting the contempt charged when the order directed the appellant to show cause "as to why he should not be held in contempt of court and for other sanctions for failure to comply with this Court's November 21, 2011 Order."

The state contends that there was no violation of Rule 3.480(a) because the trial court "incorporated" the four court orders in the order to show cause. However, the order to show cause merely referenced the applicable orders; it did not incorporate them, attach them, or otherwise elaborate on how those orders were violated. *Compare Mix v. State*, 827 So. 2d 397, 399 (Fla. 2d DCA 2002) (holding that an order to show cause was legally insufficient where the order referred to an unsworn motion that formed the basis of the order to show cause, but neither the motion nor affidavits were attached to the order), *and Lindman v. Ellis*, 658 So. 2d 632, 634 (Fla. 2d DCA 1995) (concluding that an order to show cause was legally insufficient because it relied on an unsworn motion to state the allegations and it failed to incorporate the sworn affidavits in the record), *with Brown v. State*, 595 So. 2d 259, 260 (Fla. 2d DCA 1992) (ruling that an order to show cause was sufficient because it incorporated and attached the former wife's sworn petition).

Because the order to show cause did not state the essential facts constituting the criminal contempt charged, and did not otherwise attach or incorporate anything to provide notice of such facts, we reverse without prejudice to initiate new indirect criminal contempt proceedings or to impose some other sanction short of criminal contempt. *See Wisniewski v. Wisniewski*, 657 So. 2d 944, 945 (Fla. 2d DCA 1995); *see also Moakley v. Smallwood*, 826 So. 2d 221, 224 (Fla. 2002) (concerning the trial court's inherent authority to impose attorney's fees as a sanction for bad faith attorney conduct).

*Reversed.*

LEVINE, C.J., and CONNER, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**