# Third District Court of Appeal

## State of Florida

Opinion filed February 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1716
Lower Tribunal No. 12-15727
_____

**Florida Department of Children and Families,**
Appellant,

vs.

**M.H., the mother, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Scott M. Bernstein, Judge.

Karla Perkins, Appellate Counsel, for appellant.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kevin Coyle Colbert, Assistant Regional Counsel, for appellee M.H., the Mother; Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Laura J. Lee, Assistant Director of Appeals (Tallahassee), for appellee Statewide Guardian ad Litem Office.

Before LOGUE, SCALES and HENDON, JJ.

PER CURIAM.

The trial court's August 17, 2022 "Order Regarding Indirect Civil Contempt" directed the Florida Department of Children and Families (DCF) to pay a $2,500 sanction to a charity of DCF's choice for DCF's purported failure to timely comply with the trial court's July 8, 2022 placement order. The placement order, requiring DCF to move two children, Z.H. and R.H., from a group home where they were being mistreated by other children to a safer foster home, adjudicated a motion by the Statewide Guardian ad Litem (GAL) seeking such relief.

While no doubt well-intentioned, the trial court's $2,500 sanction – imposed after DCF had complied, albeit belatedly, with the placement order – nevertheless constituted a procedurally flawed indirect criminal contempt order, and therefore, we are compelled to reverse the contempt order. See Shook v. Alter, 729 So. 2d 527, 528 (Fla. 4th DCA 1999) (holding that a court order imposing a fine was not a civil contempt order because it was not remedial; therefore, it was a criminal contempt order that must accord with the contemnor's rights of due process); see Fla. R. Juv. P. 8.285(b).[1]

Reversed.

---

[1] We acknowledge GAL's commendable confession of error.