## STRAIN v. PALMER et al.

### (Circuit Court of Appeals, Ninth Circuit. March 2, 1908.)

### No. 1,371.

1. RECEIVERS—CLAIMS OF OTHERS TO PROPERTY—PRACTICE—INTERVENTION.
   One who claims to be the owner of personalty taken from his possession by the receiver in an action against the seller properly presents a petition pro interesse suo, asserting such claim, in the proceeding in which the receiver was appointed.

2. MORTGAGES—DEFAULT—RENTS.
   A real estate mortgage carries with it, in equity, a right to the accruing rents, when there has been a default, and the security is inadequate, and the debtor insolvent; and in such a case the court will appoint a receiver to hold them until the event is ascertained. The mortgage is thus made to operate as an equitable assignment of the rents.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 1374, 1375.]

3. SAME—PURCHASER OF GROWING CROPS—PENDING SUIT—RIGHTS.
   Where the bill of complaint in a mortgage foreclosure proceeding charged that the property was of insufficient value to secure the debt, and that defendants were insolvent, the court could enjoin defendants from disposing of the property and appoint a receiver thereof and of the rents, etc.; and hence petitioner who knew of the pendency of the action, could not, while the petition for the appointment of a receiver was pending, defeat plaintiff's rights to subject growing crops to the mortgage by buying the crops, though he did not know what the prayer of the complaint was, nor of the order to show cause why a receiver should not be appoint-

ed, knowledge of the pendency of the suit being sufficient to put him on inquiry as to the nature of the relief demanded and as to all proceedings had in the action. As against one having such notice, the receiver's title and right of possession relates back to the date of the application for his appointment.

4. RECEIVERS—EXPENSES—LIABILITY OF PROPERTY.

Where the court in a mortgage foreclosure proceeding acted within its jurisdiction in appointing a receiver, he could resort to the property in his possession as such receiver for the payment of expenses in connection with the property and his compensation, though after his appointment the mortgaged property was sold under decree of foreclosure for an amount sufficient to pay the debt and costs.

Appeal from the Circuit Court of the United States for the District of Montana.

A. C. Gormley and W. T. Pigott, for appellant.

M. S. Gunn, for appellees.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

DE HAVEN, District Judge. This is an appeal from a final order and decree dismissing a petition pro interesse suo, and approving the report and account of the receiver appointed by the court to take charge of the property described in the bill of complaint and the rents, issues, and profits thereof. The facts disclosed by the record are:

Benjamin Graham and the American Freehold Land Mortgage Company of London, England, Limited, a corporation, filed in the Circuit Court of the United States, Ninth Circuit, District of Montana, a bill of complaint against the H. H. Nelson Sheep Company, a corporation, and H. H. Nelson and James T. Stanford, to foreclose a certain mortgage and trust deed of lands situate in the state of Montana, theretofore executed by the H. H. Nelson Sheep Company to Benjamin Graham, as trustee for the purpose of securing the payment of two promissory notes for $15,000 each and interest, made by the H. H. Nelson Sheep Company to the American Freehold Land Mortgage Company. It is alleged in the bill of complaint that the defendant H. H. Nelson guaranteed the payment of these notes and that defendant Stanford claims an interest in the land as a subsequent mortgagee. The bill further alleges:

"That the real estate and property described in said trust deed is insufficient as security for the payment of the said principal sum and interest and the performance of the covenants to be kept and performed by the said H. H. Nelson Sheep Company, as provided in said trust deed or mortgage, and that the said H. H. Nelson Sheep Company and the said H. H. Nelson are each and both insolvent."

The prayer of the bill is for a decree directing the sale of the mortgaged premises, and for the appointment of a receiver of all the property described in the mortgage or trust deed, and the income, rents, issues, and profits thereof, to hold and dispose of the same as the court may order, and that the said H. H. Nelson Sheep Company be directed to transfer and deliver possession of the property to the receiver so ap-

pointed, and that defendant H. H. Nelson Sheep Company be enjoined from disposing of any of the property subject to the mortgage, or the income, rents, issues, or profits thereof, etc.

The bill of complaint was filed on April 11, 1904, and on the same day a writ of subpœna was issued, and this was served upon the defendants H. H. Nelson Sheep Company and H. H. Nelson, on the 28th day of April, 1904. In the meantime, on April 14, 1904, the court made an order in the action enjoining the defendant H. H. Nelson Sheep Company "from selling, disposing of, or transferring the possession of any of the property described in the trust deed or mortgage made a part of the bill of complaint," and further ordered that the defendant show cause on May 17, 1904, or as soon thereafter as a hearing could be had, "why a receiver of the property described in said trust deed, and the rents, issues, and profits thereof, should not be appointed as prayed for in the bill of complaint in this suit." This order was served on the defendant H. H. Nelson Sheep Company April 16, 1904, and on H. H. Nelson May 3, 1904. On August 17, 1904, the said defendant H. H. Nelson Sheep Company, then being in possession of the real property described in the trust deed, sold and delivered to the complainant, in payment of an antecedent and existing indebtedness, the hay and oats grown upon said land during the year 1904. At the time of appellant's purchase a part of the crop had been cut, but not removed from the field, and a part was still standing, but how much had been severed from the land does not appear; but that which was standing was mature and ready for harvesting, and appellant harvested the same, paying therefor the sum of $157. The receiver was appointed September 3, 1904, and the next day took from appellant the possession of the hay and oats in controversy.

The reason for the delay in appointing the receiver was because of the fact that Hon. Hiram Knowles, United States district judge for the district of Montana, resigned and ceased to perform the duties of said office on April 13, 1904, and his successor did not qualify as such until September 1, 1904. Upon the hearing of appellant's petition pro interesse suo it was stipulated, in addition to the facts above stated, that appellant, Strain, before the purchase by him of the hay and oats in controversy, had actual notice of the commencement of the foreclosure suit above referred to, but had no notice or knowledge of the order of April 14, 1904, enjoining the defendant H. H. Nelson Sheep Company from selling or disposing of the rents, issues, and profits of the real estate described in the mortgage or trust deed, "unless it be held that he was charged with constructive notice of said order and the prayer of said bill by reason of the doctrine of lis pendens."

It is not alleged in the petition, nor was it claimed upon the hearing of the petition, that the property in the possession of the receiver is more' than sufficient to pay the costs and expences of the receivership; and the prayer of the petition is:

"That the receiver be ordered and required to surrender and return the petitioner the said chattels, or, if the same shall have been sold or disposed of by him, that he pay to petitioner the value thereof, * * * and for such other and different relief as may be meet and equitable."

1. The appellant claims to be owner of the hay and oats purchased by him and taken from his possession by the receiver, and his petition pro interesse suo, asserting such claim, was therefore properly presented in the proceeding in which the receiver was appointed. Wiswall v. Sampson, 14 How. (U. S.) 53, 65, 14 L. Ed. 322; Krippendorf v. Hyde et al., 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145; Wheeler v. Walton & Wharm Co. (C. C.) 64 Fed. 664; Howell v. Ripley, 10 Paige, Ch. (N. Y.) 45. The only question presented for decision by this appeal is whether, in view of the facts above stated, the appellant acquired as against the receiver title to the hay and oats by reason of his purchase of the same from the defendant H. H. Nelson Sheep Company. In the decision of this question we start with the proposition that:

"A mortgage of land carries with it, in equity, a right to the accruing rents, when there has been a default and the security is inadequate and debtor insolvent. * * * The court will appoint a receiver in such a case to hold the rents till the event is ascertained. The mortgage is thus made to operate as an equitable assignment of the rents." Bank of Auburn v. Roberts, 44 N. Y. 198; Omaha Hotel Company v. Kountze, 107 U. S. 378, 2 Sup. Ct. 911, 27 L. Ed. 609; Sea Insurance Co. v. Stebbins et al., 8 Paige, Ch. (N. Y.) 565; Astor v. Turner, 11 Paige, Ch. (N. Y.) 436, 43 Am. Dec. 766; Hollenbeck v. Donnell, 94 N. Y. 342.

In this last case the court said:

"The legal right to the rents, as well as the possession, continues in the mortgagor until foreclosure and sale, as it does in a vendor until conveyance; but, when default has been made in the conditions of the mortgage, the mortgagee at once becomes entitled to a foreclosure of the mortgage and a sale of the mortgaged premises. This process requires time, and on general principles of equity the court may make the decree, when obtained, relate back to the time of the commencement of the action, and, where necessary for the security of the mortgage debt, may appoint a receiver of the rents and profits accruing in the meantime, thus anticipating the decree and sale."

Now, as above stated, the bill of complaint in the foreclosure proceeding brought by Benjamin Graham and the American Freehold Land Mortgage Company against the H. H. Nelson Sheep Company et al. charged that the property described in the mortgage or trust deed was of insufficient value to secure the payment of the notes secured by such mortgage or trust deed and that the defendants liable for payment of such indebtedness were both insolvent. The foreclosure proceeding was thus brought within the rule stated in the cases just cited, and the court was authorized in the exercise of its jurisdiction to enjoin the defendants, as it did, "from selling, disposing of, or transferring the possession of any of the property described in the trust deed or mortgage," and also to make the order requiring the defendants in the action to show cause why a receiver of the property described in the mortgage, and the rents, issues, and profits thereof, should not be appointed, and, upon the hearing of the order to show cause, to appoint a receiver as prayed for. This being so, we think it clear that no person with actual notice of the pendency of that action could, by a purchase from the defendants, while the petition for the appointment of a receiver was pending, defeat the operation of the injunction and orders referred to, and thus

defeat the right of the plaintiffs to have the growing crops subjected to the lien of their mortgage, if the court should finally adjudge them entitled to such relief. As against a person having such notice the title of the receiver and his right to possession would relate back to the date of the application for his appointment.

The agreed statement of facts shows that the appellant, before the purchase by him of the property in controversy, had actual notice of the commencement of the foreclosure suit referred to, and, although it was further stipulated that he did not have actual knowledge of the prayer of the bill of complaint, or of the order to show cause why a receiver should not be appointed, still he knew that he was purchasing a crop grown upon the mortgaged premises, after the commencement of the suit to foreclose the mortgage thereon; and, this being so, we think his knowledge of the pendency of that suit sufficient to put him upon inquiry as to the nature of relief demanded therein and as to all proceedings which had been had in the action. He was required to make such inquiry, because he is charged with a knowledge of the law giving to the plaintiffs in that action the right, under the circumstances set forth in their complaint, to subject the growing crop to the lien of their mortgage, and if he failed to make the inquiry he is nevertheless deemed to have had notice of all that he would have learned if he had done so. He is therefore to be treated as having had, at the time of his purchase, notice of the pending application for the appointment of a receiver and of the prior order enjoining the defendant H. H. Nelson Company from making a sale of the property purchased by him. This conclusion is in accordance with the equitable rule that a person having knowledge of facts sufficient to put a prudent man upon inquiry as to the rights of third persons in property he is about to purchase is charged with knowledge of all he might have learned by inquiry in relation to the matter of which he had notice, or, as the rule is sometimes expressed: "In equity, whatever put upon inquiry is notice of what inquiry would disclose." Peck v. Bank of America, 16 R. I. 710, 19 Atl. 369, 7 L. R. A. 826.

2. The objections of appellant to the report and account of the receiver were pro, rly overruled. In the report and account the receiver claimed credit for expenses incurred by him in the discharge of his duties as receiver. The objections of appellant to the allowance of this account were "based upon the fact, as shown in the said receiver's report, that at the sale of the said real estate in pursuance of the decree of this court the complainant herein purchased all of said real estate for a sum sufficient to cover their mortgage indebtedness, interest, and costs, so that the said mortgage thereby became satisfied in full, without recourse to the said hay and oats, which had theretofore, to wit, on the 17th day of August, 1904," been purchased by the appellant. The court acted within its jurisdiction in appointing the receiver; and, this being so, he had the right to resort to the property in his possession as such receiver for the payment of his expenses in connection with such property and his compensation as receiver. "When it becomes the duty of a court of equity to take property under its charge through a receiver, the property becomes

chargeable with the necessary expenses incurred in taking care of and saving it, including the allowance to the receiver for his services." Ferguson v. Dent (C. C.) 46 Fed. 88; Elk Fork Gas Co. v. Foster, 99 Fed. 495, 39 C. C. A. 615.

This rule is not changed by the fact, shown by the record in this case, that after the receiver was appointed the mortgaged premises were sold, under the decree of foreclosure in the action in which the receiver was appointed, for an amount sufficient to pay the indebtedness secured by the mortgage and the costs of the action.

Order and decree affirmed.