**In re ACKERMANN.**

**WELLS v. CERMAK.**

No. 6929.

Circuit Court of Appeals, Sixth Circuit.

April 8, 1936.

Byron Kuth, of Cleveland, Ohio (Kuth & Ehrke, of Cleveland, Ohio, on the brief), for appellant.

Richard D. Bovington, of Cleveland, Ohio (Bovington & Gresinger, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

In Ohio a mortgage of personal property is void as to creditors where the mortgagor retains possession of the property with power of disposition. Francisco v. Ryan, 54 Ohio St. 307, 43 N.E. 1045, 56 Am.St.Rep. 711. The question here to be determined is whether the mortgagee had perfected his lien prior to the adjudication of the mortgagor as a bankrupt, and this in turn depends upon whether the mortgagee was in possession of the chattels at the time a state court receiver was appointed, or whether the chattels were then in custodia legis. Upon a turn-over order of the referee, challenged by the mortgagee, the mortgage was held to be void as against the bankruptcy receiver and his successor trustee. Reviewing the referee's report, the court concluded that the mortgagee had "won the race," and set aside the turn-over order. The trustee appeals, and the facts follow:

On February 1, 1934, the bankrupt Ackermann gave the appellee, Cermak, a promissory note secured by chattel mortgage on the fixtures and stock in trade of a drug store situated in Lakewood, Ohio. The mortgaged property was permitted to remain in Ackermann's possession, with power to sell the stock in the course of business. The note contained power of attorney permitting the payee to confess judgment in case of default. On February 4, 1934, one of Ackermann's creditors served notice upon him that the following day it would apply for the appointment of a receiver for himself and wife upon the ground of their refusal to apply certain rentals to the payment of his debt to it. Ackermann, intending to resist the application, left Cermak in charge of the store while he attended the hearing. The creditor filed suit on February 5th, obtained a cognovit judgment against the Ackermanns, caused execution to be issued and returned unsatisfied, and applied for the appointment of a receiver in supplementary proceedings under section 11894, subsection 4, of the Ohio General Code. At 3:30 p. m. on that day a judge of the common pleas court heard the application for a receiver and granted it. At 4:30 p. m. the judge caused his bailiff to put upon the file cover a notation of the name of the receiver selected and the amount of his bond. During Ackermann's absence from his store, Cermak communicated with his attorney and was told that his mortgage was invalid as to the stock in trade until he had entered into possession under his mortgage. Upon Ackermann's return at 5:30, Cermak took possession of the mortgaged premises, Ackermann yielding up his keys. On February 6th the order of the common pleas court appointing the receiver was signed and journalized. On February 10th Ackermann filed an involuntary petition in bankruptcy and was adjudicated. On February 17th the common pleas court entered a nunc pro tunc order changing the entry of February 6, 1934, so as to read: "February 5th, 1934—application granted. Joseph E. Feighan appointed receiver. Bond $500.00."

No question arises as to the jurisdiction of the bankruptcy court to proceed summarily. Objection was not made by the respondent to the power of the court to entertain the petition for the turn-over order on the ground that he was an adverse claimant, and consent to adjudication thereon is plainly inferable. Under the circumstances, the appeal both as to question of fact and law lies under section 24a, Bankr.Act, as amended (11 U.S. C.A. § 47(a). Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Beeler v. Schumacher, 71 F.(2d) 831 (C. C.A.6), affirmed 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433.

The title of a receiver to the property he is ordered to administer generally dates from the time of his appointment. Horn v. Pere Marquette Railway Co., 151 F. 626 (C.C.A.6). If the state court receiver was appointed when the judge of the court of common pleas announced the granting of the application at 4:30 p. m. on February 4th, the mortgagor's property was in the custody of the court and the mortgagee could not obtain possession of it by Ackermann's surrender. The mortgagee

contends, however, that there can be no appointment of a receiver until a journal entry of such appointment is made, since under Ohio law a court speaks only through its journal, and that in any event until the journal entry was made he stood in the position of an innocent purchaser and had a right to perfect his lien by taking possession of the mortgaged property, and that the nunc pro tunc order may not be given force and effect against him. Coe v. Erb, 59 Ohio St. 259, 52 N.E. 640, 69 Am.St. Rep. 764.

 Under Ohio law all judgments and orders must be entered upon the journal of the court and specify clearly the relief granted (section 11604, G. C.). Such entry may be compelled. Smith v. Smith, 103 Ohio St. 391, 395, 133 N.E. 792. This does not mean, however, that until journal entry is made there is not for any purpose a judgment. "Although a judgment which has been spread upon the journal is complete, judgments are good before the . complete record is made. Its entry on the journal by the clerk is not an essential element of the rendition of the judgment; the entry on the journal it is declared, merely evidences the judgment." 23 Ohio Jur. 615. As is said in Freeman on Judgments, § 38, "A judgment is not what is entered but what was directed by the court, or it may be neglected altogether. * * * In the very nature of things, the act must be perfect before its history can be so; and the imperfection or neglect of its history fails to modify or obliterate the act." The purpose of the nunc pro tunc order was clearly not to give retroactive effect to the appointment of the state receiver, but to correct the journal entry in accord with the facts. It is quite true that such order cannot affect innocent parties who have acquired rights or equities without notice of the rendition of the judgment, 23 Ohio Jur. 674, but a person perfecting a lien based upon a pre-existing debt between the time of the original judgment and the nunc pro tunc entry is not in the position of a bona fide purchaser. Webb v. Western Reserve Bond & Share Co., 115 Ohio St. 247, 153 N.E. 289, 48 A.L.R. 1176. The contention that the mortgagee was originally an innocent holder for value is beside the point. He did not become such between the time the receiver was appointed and the time the entry was made. He parted with nothing. Indeed it has been held that

purchasers are not innocent nor for value even before the appointment of a receiver who have notice of a motion pending for such appointment. Strain v. Palmer, 159 F. 628 (C.C.A.9).

We see no point to the contention that the state receivership sought by the creditor was a special form of receivership under the Ohio statute, and that general administration was not contemplated. Granted that the Ohio court could determine in the supplemental proceedings in aid of execution only the validity of the petitioning creditor's claim, In re Conservative Mortgage & Guaranty Co., 24 F.(2d) 38 (C.C.A.6), and was empowered to sell no more of the mortgagor's assets than were required to satisfy such claim, yet the order appointing the receiver embraced all of the debtor's property. That order cannot be here attacked, nor, if so, are we advised as to what portion of the assets would have satisfied the creditor's claim if less than the whole. The referee's turn-over order should stand.

Reversed and remanded for further proceedings consistent herewith.