574 So.2d 1114 (1990)
Nancy J. BRAY f/k/a Nancy J. Rimes, Appellant,
v.
Timothy Paul RIMES, Appellee.
No. 89-03456.
District Court of Appeal of Florida, Second District.
December 21, 1990.
*1115 Bruce E. Przepis, New Port Richey, for appellant.
No appearance, for appellee.
SCHOONOVER, Chief Judge.
The appellant, Nancy J. Bray f/k/a Nancy J. Rimes, challenges an order holding her in contempt of court and sentencing her to ten days imprisonment. We reverse.
On October 17, 1983, a final judgment was entered dissolving the marriage of the parties, Nancy J. Bray and Timothy Paul Rimes. The final judgment of dissolution ordered shared parental responsibility of the parties' minor child, named the mother the primary residential parent, and established the father's visitation rights.
On November 14, 1988, the father filed a motion to modify his visitation. Shortly thereafter, the mother on December 20, 1988, filed a motion to modify child support, a motion for contempt, a motion for clarification/amendment of final judgment, and on January 18, 1989, filed a motion for an order terminating the father's visitation rights.
On February 7, March 3, and May 12, 1989, the father filed separate motions seeking an order to show cause and supporting affidavits alleging that the mother on several occasions had refused to allow him visitation with the minor child. The trial court on May 12 issued an order to show cause and set a hearing for May 30, 1989. At the hearing, a transcript of which is not included in the record, the mother was found in contempt of court. The sentencing was withheld until the additional pending matters before the court could be heard.
A final hearing on whether the father's visitation rights should be terminated was held on July 3 and August 3, 1989. At the July 3 final hearing, the trial court was reminded by the father's counsel that it had put off sentencing until then on the mother's criminal contempt to which she had pled guilty at the arraignment hearing and presented mitigating evidence. The mother's counsel at no time during the final hearing objected to this characterization of the contempt proceedings. Rather, on August 3, the mother waived her appearance at the sentencing on the contempt finding.
The trial court entered its order on all pending motions on August 24, 1989. The order granted the father's motion for contempt and sentenced the mother to ten days imprisonment, the sentence being suspended as long as she complied with the order. The order also modified the father's visitation rights requiring that visitation be supervised and on alternating Saturdays. The trial court retained jurisdiction of the *1116 cause for six months to review the modified visitation schedule.
On September 2, 1989, the father went to the mother's home to exercise his right of visitation pursuant to the order, only to be informed that the mother and child had moved to another state. On September 13, 1989, the father filed a motion to show cause. Before the order to show cause was issued, the trial court heard testimony on the father's motion. The trial court subsequently on November 15, 1989, entered an order "unsuspending" the mother's sentence previously imposed on August 24 for contempt of court and ordered that she be arrested and serve the ten days. This timely appeal followed.
We agree with the appellant's contentions that the trial court erred by finding her in contempt of court and imposing a jail sentence.
Upon review of the record, it is apparent that the contempt proceedings held on May 30 were for indirect criminal contempt. Greater procedural due process safeguards are accorded when proceedings are for indirect criminal contempt. Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977). This principle is recognized in Florida Rule of Criminal Procedure 3.840. Rule 3.840(a)(1) requires that an order to show cause state the "essential facts constituting the criminal contempt charged...."
The order issued to the mother clearly did not comply with this rule. The order did not state any facts or even whether the contempt was civil or criminal. Rather, the order stated that the mother "show cause why she should not be held in contempt for the conduct described in the motion and affidavits filed... ."
A motion for contempt or supporting affidavits may not take the place of the formal proceedings required by rule 3.840 to advise the accused of the charges so as to accord the accused reasonable opportunity to meet the charges by way of defense or explanation. Grant v. State, 464 So.2d 650 (Fla. 4th DCA 1985).
Although no objection to the sufficiency of the order was made at the contempt hearing, noncompliance with the provisions of rule 3.840 constitutes fundamental error and failure of the appellant to properly raise this issue will not bar full consideration of the record. Deter v. Deter, 353 So.2d 614 (Fla. 4th DCA 1977).
We, accordingly, reverse without prejudice to renew the proceedings with the appropriate notice as required by the rule.
Reversed.
LEHAN and ALTENBERND, JJ., concur.