595 So.2d 259 (1992)
Jeffrey Alan BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02294.
District Court of Appeal of Florida, Second District.
March 11, 1992.
James Marion Moorman, Public Defender, and Howardene Garrett, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
CURRY, CHARLES B., Associate Judge.
Jeffrey Alan Brown appeals a six-month jail sentence imposed for indirect contempt of court. We affirm.
Rachael Brown, appellant's former wife, sought and received a temporary injunction *260 for protection. In that order Brown was restrained from "committing domestic violence," extending to "threatening, harassing, annoying, or embarrassing" Ms. Brown. Less than two months later Ms. Brown alleged, under oath, that appellant came to her dwelling shouting obscenities and vowing to "beat up" Ms. Brown's date. A subsequent order to show cause incorporated the allegations made in Ms. Brown's petition, which was attached to the order, and found that probable cause existed to believe appellant had violated the prior injunction.
Appellant first argues that the order to show cause failed to satisfy the requirements of Florida Rule of Criminal Procedure 3.840, in that it does not specify the essential facts constituting the alleged act of contempt. Although the order incorporated the former wife's petition, which did provide a statement of facts, appellant contends it nevertheless "was little more than a notice" which, standing alone, is insufficient to initiate proceedings for indirect criminal contempt. See Paris v. Paris, 427 So.2d 1080 (Fla. 1st DCA 1983). Though he concedes no objection was lodged below, noncompliance with the rule has been deemed "fundamental error." Bray v. Rimes, 574 So.2d 1114 (Fla. 2d DCA 1991).
We find no deficiency in the procedure utilized by the trial court. In so doing we distinguish the authorities cited by appellant. The notice problem involved in Paris simply does not recur in the present case. The order plainly stated that appellant faced a possible adjudication of criminal contempt and incarceration. By incorporating and attaching the former wife's sworn petition, the order also was sufficient to apprise appellant of the specific acts for which he could be punished, thereby affording him an adequate opportunity to defend against them. In Bray and in Grant v. State, 464 So.2d 650 (Fla. 4th DCA 1985), the trial courts' orders similarly made reference to other pleadings, but there is no indication those were properly sworn or that they were physically attached to the orders to show cause. See also Starchk v. Wittenberg, 411 So.2d 1000 (Fla. 5th DCA 1982) (unverified pleading insufficient).
Appellant's second argument also is without merit. At the show cause hearing he attempted to demonstrate that he had permission to visit the former wife's residence, apparently in connection with child visitation. The trial court curtailed most of this testimony, finding it to be irrelevant to the issue at hand. We agree. The court heard ample evidence that appellant committed the contemptuous acts alleged in the petition and order. Appellant's alleged misunderstanding of what he could and could not do under the injunction certainly would not justify his actions once he arrived at Ms. Brown's residence.
Affirmed.
FRANK, A.C.J., and THREADGILL, J., concur.