623 So.2d 601 (1993)
James MAY, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 90-02346.
District Court of Appeal of Florida, Second District.
August 27, 1993.
*602 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
James May, Sr., appeals an order of indirect criminal contempt for violating a special condition of a shelter order in this juvenile dependency action. We reverse because the contempt proceedings did not comport with due process as ensured by rule 8.280, Florida Rules of Juvenile Procedure (1990).[1]
On June 8, 1990, the juvenile court entered a shelter order placing the appellant's five children in shelter care in the home of the appellant's wife. As a special condition, the appellant was ordered to have no visitation with the children until he started therapy.
On July 18, 1990, following a bench trial, the juvenile judge entered a contempt order wherein he found the appellant was in willful contempt of the shelter order. The appellant was sentenced to serve 179 days in jail, to begin immediately, and was ordered to undergo psychiatric evaluation at Polk County General Hospital. Neither substantive nor procedural due process was accorded to the appellant during these proceedings.
Florida Rule of Juvenile Procedure 8.280 (1990) governed the indirect contempt proceedings in this case. Where an act is committed outside the presence of the court, the proceeding to punish is for indirect contempt. Pugliese v. Pugliese, 347 So.2d 422, 425 (Fla. 1977). A criminal contempt proceeding is maintained solely to vindicate the authority of the court or to punish for conduct offensive to the public in violation of a court order. Id. at 424. Any restrictions on a person's liberty, juvenile or adult, can only occur if the proper procedural safeguards are followed. A.A. v. Rolle, 604 So.2d 813, 817 (Fla. 1992). Greater procedural safeguards are required in criminal contempt proceedings than in civil. Pugliese, 347 So.2d at 424.
Rule 8.280(a) ensures procedural due process. The rule thus requires that a person be tried for criminal contempt upon an *603 order to show cause, the purpose of which is to advise the accused of the charges and to afford him an opportunity to prepare a defense. See Bray v. Rimes, 574 So.2d 1114, 1116 (Fla. 2d DCA 1990). To properly advise the accused of the charges, the order must state the "essential facts constituting the criminal contempt charged... ." Id. Moreover, the order may issue only upon the court's own motion or upon the affidavit of any person having knowledge of the facts. Fla.R.Juv.P. 8.280(a) (1990). A motion for contempt even with supporting affidavits is insufficient to advise the accused of the charges against him. Bray, 574 So.2d at 1116.
In this case, no rule to show cause ever issued. The Department of Health and Rehabilitative Services filed a motion for contempt and the appellant was held to answer the allegations asserted in it. The motion was neither sworn nor accompanied by affidavit. Thus, the appellant was not adequately notified of the charges against him.
Rule 8.280(a) further safeguards the right to procedural due process by assuring that the accused know of the prosecution and have adequate time to prepare a defense. To accomplish these purposes, the rule requires that the order to show cause be directed to the accused and specify the time and place of the hearing, allowing a reasonable time to prepare a defense.
None of these safeguards were accorded to the appellant. The appellant did receive and read a copy of the motion for contempt before the hearing, evidenced by his affirmation of this fact before the trial court. His appearance at the hearing indicates that he received some notice of proceedings requiring his attendance. However, the record does not indicate that the appellant had sufficient time to prepare a defense. Neither the motion nor notice contained a certificate of service to show when the appellant was served, and the hearing took place the same day that the motion and notice of hearing were filed with the court. Further complicating the issue of notice in this case is the fact that the only notice of hearing filed stated that a hearing would be held on a motion for change of custody, not for contempt. Noncompliance with the procedural due process requirements of rule 8.280(a) is fundamental error. Id.
Not only was the appellant deprived of procedural due process as described in rule 8.280(a), he was also deprived of substantive due process in the denial of effective assistance of counsel. Rule 8.280(d) recognizes the right to counsel in indirect contempt proceedings. See G.L.D. v. State, 442 So.2d 401, 403 (Fla.2d DCA 1983). There is no waiver of counsel in the record. The Sixth Amendment right to counsel is a fundamental right. State v. Harvey, 573 So.2d 111 (Fla.2d DCA 1991).
We conclude that the trial court erred in prosecuting the appellant for indirect criminal contempt in disregard of rule 8.280 and constitutional requirements of due process. We therefore reverse the order of contempt. We need not address the appellant's other point on appeal wherein he argues the insufficiency of the evidence to support his conviction for contempt.
Reversed.
SCHOONOVER, A.C.J., and BLUE, J., concur.
NOTES
[1] Renumbered as new Rule 8.150 and amended May 9, 1991, effective July 1, 1991 (589 So.2d 818).