639 So.2d 701 (1994)
John GILES, Appellant,
v.
Rosemary R. RENEW, Appellee.
No. 93-03568.
District Court of Appeal of Florida, Second District.
July 20, 1994.
Ellen S. Masters of Mars & Masters, P.A., Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mark S. Dunn, Asst. Atty. Gen., Daytona Beach, and Patricia E. Davenport, Asst. Atty. Gen., and Christopher Sierra, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Acting Chief Judge.
John Giles appeals an order adjudicating him guilty of indirect criminal contempt and placing him on probation. Because we conclude that the court did not comply with the rule governing indirect criminal contempt, we reverse.
*702 The order in this appeal adjudicated Giles guilty of violating an injunction for prohibition against domestic violence which the court entered in February 1993. The injunction prohibited Giles from entering on or about the residential premises or place of employment of his former wife, Rosemary Renew, and from physically abusing, threatening, or harassing her at any time or place.
On July 22, 1993, the trial court entered an order to appear and show cause directed to Giles regarding indirect criminal contempt. The order failed to set out any facts alleging a violation of the injunction. Although the petition setting forth the allegations is not a part of the record, Giles represents that it charged that he drove by Renew's residence on July 17, 1993. Giles pleaded not guilty to this accusation and requested an evidentiary hearing.
On August 25, 1993, the trial court entered a second order to appear and show cause based upon an amended verified petition of Assistant State Attorney Kelly Butz. The amended petition again alleged that Giles drove by Renew's residence on July 17, 1993. Additionally, it alleged that Giles went to Renew's residential premises on July 10, 1993, and went to the location of her class reunion on August 6, 1993, and August 7, 1993. Giles was not served with the new order or the amended petition.
Thereafter the trial court conducted an evidentiary hearing based upon the order to show cause. When the state attempted to question Renew concerning the allegations relating to August 6th and August 7th, Giles's counsel objected because he had no notice that this matter would be litigated. Giles's counsel only received a facsimile of an unsigned, unverified amended petition and an order to show cause. The court conducted what it termed to be a Richardson[1] hearing and found that Giles was not prejudiced. Thereafter the court permitted Renew to testify concerning the events of early August involving Giles's alleged presence near her class reunion. The court found Giles not guilty of the events occurring in July 1993 and guilty of the incident occurring on August 6 and August 7, 1993.
Rule 3.840 states, in part:
A criminal contempt, except as provided in rule 3.830 concerning direct contempts, shall be prosecuted in the following manner:
(a) Order to Show Cause. The judge, on the judge's own motion or on affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring the defendant to appear before the court to show cause why the defendant should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant.
This rule does not set out the manner in which service is to be accomplished.[2]
We are compelled to reverse this case because the trial court and the state did not comply strictly with Rule 3.840. There is no evidence to establish that Giles was served with the second order to show cause. Giles was entitled to have the order served upon him, not sent by facsimile to his attorney. Furthermore, Rule 3.840 requires the order to show cause to state "the essential facts constituting the criminal contempt charged." The order the trial court entered failed to set out any facts. Although we believe that the better practice is for the trial court to set out the facts in the order itself, this court has recognized that a person's due process rights will be protected if the order expressly incorporates and attaches the sworn petition to the order in place of setting forth the facts in the order. Brown v. State, 595 So.2d 259 (Fla. 2d DCA 1992). The order in this case failed to incorporate the facts alleged in the amended petition.[3] Failure *703 to comply with Rule 3.840 constitutes fundamental error. Reins v. Johnson, 604 So.2d 911 (Fla. 2d DCA 1992). Accordingly, we reverse the trial court's order for the court's failure to comply with all procedural aspects of the criminal justice process required by the rule governing indirect criminal contempt.
Reversed and remanded.
BLUE and FULMER, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[2] The rule for juvenile proceedings, Florida Rule of Juvenile Procedure 8.285(b)(1), specifically states the order "shall be served in the same manner as a summons."
[3] The order states: "THIS CAUSE was heard on the Amended Petition for Order to Show Cause herein, a copy of which is attached hereto...." The order does not incorporate the facts set out in the amended petition.