643 So.2d 1178 (1994)
Richard Newton HILL, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 93-01096.
District Court of Appeal of Florida, Second District.
October 14, 1994.
Domingo G. Alvarez, III, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant challenges orders which (1) found him guilty of indirect criminal contempt for violating an injunction for protection against domestic violence; and (2) found him guilty of violating probation previously imposed upon him by a prior adjudication of indirect criminal contempt for violating the same injunction. The appellant was placed on a new probation of six months for the violation of probation, to be followed consecutively by a probation term of one year on the new contempt-of-court charge. We reverse.
The order to show cause in this case contained the same defect which this court found reversible in Giles v. Renew, 639 So.2d 701 (Fla. 2d DCA 1994). As in Giles, the order to show cause in this case failed to set out any facts. Florida Rule of Criminal Procedure 3.840 requires the order to show cause to state "the essential facts constituting the criminal contempt charge." As we pointed out in Giles, failure to comply with rule 3.840 constitutes fundamental error.
DANAHY, A.C.J., and PARKER and ALTENBERND, JJ., concur.