# OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, Plaintiff,

v.

# GREAT PLAINS CAPITAL CORP., et al., Defendants.

### No. 95–0838–CIV.

United States District Court,
S.D. Florida.

Dec. 14, 1995.

---

William M. Vasquez, Greenberg & Vasquez, Boca Raton, FL, for Plaintiff.

Gennaro J. Orrico, pro se.

Colleen M. Orrico, pro se.

Great Plains Capital, pro se.

John Turner, Jupiter, FL, for Third Party Claimants.

## ORDER

HOEVELER, Senior District Judge.

THIS CAUSE comes before the Court upon Plaintiff's (Occidental's) Motion for Reconsideration of Order Granting Third Party Claimant's Emergency Motion to Vacate Judgment and Dismiss Proceedings, and to Quash All Writs and Process, or in the Alternative, to Stay Effect of Order Pending Reconsideration and Appeal.

## BACKGROUND

On January 13, 1995, Occidental obtained a judgment against Defendants Great Plains Capital Corporation, Gennaro J. Orrico, and Colleen M. Orrico, in the United States District Court for the District of Arizona. The judgment was entered against Defendants in the amount of $1,676,205.96 in actual damages, with the addition of prejudgment interest in the amount of $514,342.65, and the entire amount being trebled for a total judgment of $6,571,645.83.

The Defendants in the Arizona District Court action filed a motion for new trial, which was denied in an Order by that Court of April 7, 1995. Although the Clerk of the Arizona District Court correctly noted the date of this appealable Order, he nevertheless issued a Certificate of Judgment for Registration in Another District on April 17, 1995. On April 21, 1995, Occidental filed this Certification of Judgment for Registration in Another District in the Southern District of Florida, thereby commencing the instant action, Case No. 95-0838-Civ-HOEVELER.

On May 5, 1995, Defendants in the Arizona action timely filed their Notices of Appeal, which highlighted the fatal defect of Occidental's premature Registration of Judgment in this District on April 21, 1995, according to 28 U.S.C. § 1963.

On May 31, 1995, Occidental, in execution of this Judgment, seized property from a residence at 2128 Vista Drive, Juno, FL 33408. On July 5, Kathleen M. Orrico (the adult daughter of Defendants Gennaro and Colleen Orrico) filed a Third Party Claim regarding several items that were seized from that residence.

On August 11, 1995, Occidental filed a motion with the Arizona District Court seeking leave to register the judgment in a foreign District.

Third Party Claimants in the instant case, Kathleen M. Orrico, Cassandra Orrico, Colleen M. Orrico (all adult daughters of the Orricos), and C. Orrico Inc. (a retail clothing business owned by two of the Orrico daughters), filed an Emergency Motion to Vacate Registration of Judgment and Dismiss Proceedings on September 25, 1995. This Court, after hearing argument on the motion, granted the motion by Order of October 4, 1995, because Occidental had not complied with the requirements of § 1963 for registering a judgment in a foreign jurisdiction. *At the time that the judgment was registered in this district,* the judgment had not become final by appeal, the time for appeal had not expired, and the Court which entered the judgment had not ordered registration for good cause shown. On October 6, 1995, Occidental filed a Motion for Reconsideration of this Order. The Court notes that on October 3, 1995, Occidental filed an independent action in this Court, apparently on the same grounds as the original Arizona action, Case No. 95-8605, which was assigned to the Honorable Daniel Hurley.

Subsequent to this Court's Order, on October 10, 1995, the Arizona District Court granted Occidental's Motion to Register Judgment on the basis that good cause had been shown for such action. In addition, that Court stated that "because of the procedural posture of this case before Judge Hoeveler, the court is convinced that plaintiff is entitled to this relief on a *nunc pro tunc* basis". *Order* of October 10, 1995, page 4. Occidental immediately brought that Order to this Court's attention, and filed the Arizona Court's new Certification of Judgment for Registration in Another District, dated October 16, in the Southern District of Florida, along with other claims for relief, in Case No.

518

95–2279, which was assigned to the Honorable Lenore Nesbitt.

The above recitation of procedural history illuminates the problems that have resulted from the Arizona Clerk's premature issue of the Certification of Judgment for Registration, and Occidental's premature filing of that document in this District.

### ANALYSIS OF NUNC PRO TUNC EFFECT OF ARIZONA COURT'S ORDER

In response to Occidental's October 6, 1995, Motion for Reconsideration, the Third Party Claimants have argued that Occidental's failure to observe the requirements of 28 U.S.C. § 1963 should not be condoned by this Court. In their well-reasoned Response, filed October 16, 1995, Claimants acknowledge that, had the Arizona Court's Order been entered prior to April 21, 1995, when the judgment was initially registered in the Southern District of Florida, the requirements of 28 U.S.C. § 1963 would have been satisfied.

■■■ Occidental has argued to this Court that the October 10, 1995, Order of the Arizona District Court was issued with *nunc pro tunc* effect in order to "promote fairness to the parties", *see, Letter from Occidental's Counsel to this Court*, October 16, 1995. However, this Court believes that Occidental overlooks the fact that the principle of fairness grows out of concerns of judicial delay. "The principle underlying entry of a judgment or an order *nunc pro tunc* is that of fairness to the parties, *seeking to rectify any injustice suffered by them on account of judicial delay.*" *Weil v. Markowitz*, 829 F.2d 166, 174–75 (D.C.Cir.1987) (emphasis added). In addition, the principle of fairness is the animating force behind the general rule that a court "may not make substantive changes affecting parties' rights *nunc pro tunc.*" *Transamerica Ins. Co. v. South*, 975 F.2d 321, 325 (7th Cir.1992).

■■■ If this case were to be decided on fairness principles alone, it is unclear to whom the victory would belong. On the one hand, Occidental is entitled to collect on their substantial judgment against Defendants Great Plains Capital and Gennaro and Colleen Orrico. On the other hand, the Third Party Claimants, or at least Kathleen Orrico—who has claimed that her personal property has been seized, are entitled to be protected from *nunc pro tunc* orders which substantively alter their rights. A court may not, by entry of a judgment *nunc pro tunc,* affect the rights of innocent parties, *In re Ackermann,* 82 F.2d 971 (6th Cir.1936), nor the rights of third parties, *Leonia Amusement Corp. v. Loew's Inc.,* 117 F.Supp. 747 (D.C.N.Y.1953), nor those of nonparties, *Cypress Barn, Inc. v. Western Electric Co., Inc.,* 812 F.2d 1363 (11th Cir.1987).

■■■ A *nunc pro tunc,* i.e., now for then, decree "presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court; or a decree in a cause which is under advisement when the death of a party occurs." *Cuebas Y Arredondo v. Cuebas Y Arredondo,* 223 U.S. 376, 390, 32 S.Ct. 277, 281, 56 L.Ed. 476 (1912). A *nunc pro tunc* order "merely recites court actions previously taken but not properly or adequately recorded." *Cypress Barn, Inc. v. Western Electric Co., Inc.,* 812 F.2d 1363 (11th Cir.1987). "A court may issue a *nunc pro tunc* order to correct the record so that it reflects what was actually done but never recorded due to clerical inadvertence." *U.S. v. Taylor,* 841 F.2d 1300, 1308 (7th Cir.), *cert. denied,* 487 U.S. 1236, 108 S.Ct. 2904, 101 L.Ed.2d 937 (1988). A *nunc pro tunc* order is a procedure by which a determination previously made, but for some reason improperly entered or expressed may be corrected and entered as of the original time when it should have been, or when there has been omission to enter it at all. *Maksymchuk v. Frank,* 987 F.2d 1072 (4th Cir.1993).

■■■ A court's failure to act, or a Court's incorrect action, does not authorize the entry of a *nunc pro tunc* decision. *Recile v. Ward,* 496 F.2d 675, 680 (5th Cir.1974) (quoting Freeman on Judgments § 131). Similarly, it is not the function of a *nunc pro tunc* order to supply or modify matters of fact. *Id.* "It is familiar doctrine that a *nunc pro tunc* order is not a permissible synonym for retroactivity but rather is limited to current correction of the record to speak an earlier

truth: an order made earlier but not formally entered." *Board of Education of Evanston Township v. Admiral Heating & Ventilation, Inc.*, 525 F.Supp. 165 (N.D.Ill.1981). Such orders are allowable only to make the record reflect something that actually happened but was not recorded. *Crosby v. Mills*, 413 F.2d 1273, 1277 (10th Cir.1969).

The issuance of orders *nunc pro tunc* is a mechanism by which the Court corrects errors which are primarily clerical in nature. That mechanism is not available for the benefit of parties who fail to observe proper procedure. Delays or errors which are attributable to the laches of the parties do not entitle those parties to the benefit of a retrospective judgment. *Mitchell v. Overman*, 103 U.S. (13 Otto) 62, 64–65, 26 L.Ed. 369 (1881). In the case at bar, the error which the Arizona Court seeks to correct is not an error of its own omission, but rather an error of commission—an error that was committed by the Clerk of the Arizona Court and by Plaintiff's counsel. The Arizona Court's subsequent Order seeks to reflect what Plaintiff urges should have been done, and does not reflect what had actually been done prior to Plaintiff's request, by motion, on August 11, 1995. The record does not reflect that, prior to the date of the Arizona Court's recent Order (October 10, 1995), that the Arizona Court had made a determination that good cause was shown for permitting registration of the judgment. Proper procedure in this case required that Plaintiff, in compliance with 28 U.S.C. § 1963, wait to register the judgment until after the Arizona judgment had become final by appeal, or the time for appeal had not expired, or until after the Arizona Court had ordered registration for good cause shown. The present action, Case No. 95–0838, was filed prematurely.

The Order of the Arizona District Court clearly states that *nunc pro tunc* effect was to be given "because of the procedural posture of this case before Judge Hoeveler". The fact of the "procedural posture of the case" in this Court was not a fact in evidence at the time that the original Certification of Judgment was issued on April 17, 1995, and therefore is not a valid basis for "correction" of the earlier act. The Arizona District Court is neither responsible for nor empowered to correct through a *nunc pro tunc* order the errors of Occidental's counsel in prematurely filing the Certificate in the Southern District of Florida. Therefore, the Arizona District Court's *nunc pro tunc* Order has no effect on the instant action.

## CONCLUSION

The Court is also convinced by the arguments made in Third Party Claimants' Response that stay of the Order of Dismissal of October 4, 1995, is not appropriate. By the instant Order, in Case No. 95–0838, this Court makes no determination as to the propriety of the two related actions which have been filed in this Court, Case No. 95–8605–Civ–Hurley and Case No. 95–2279–Civ–Nesbitt. Accordingly, the registration of the Arizona judgment, Case No. 95–0838–Civ–Hoeveler, remains vacated, these proceedings remain dismissed, and all writs and process remain quashed. Plaintiff shall restore to Defendants and Movants any assets or property which may have been seized or levied upon under the authority of this Court's prior rulings in Case No. 95–0838.

DONE AND ORDERED.