700 So.2d 401 (1997)
STATE of Florida, Appellant/Cross-Appellee,
v.
Kevin WOOD, Appellee/Cross-Appellant.
No. 96-1250.
District Court of Appeal of Florida, First District.
September 3, 1997.
Rehearing Denied October 20, 1997.
*402 Robert A. Butterworth, Attorney General, Stephen R. White, Assistant Attorney General, Tallahassee, for Appellant/Cross-Appellee.
William G. Warner, Panama City, for Appellee/Cross-Appellant.
PER CURIAM.
This is an appeal by the state from an order granting a motion for new trial filed by appellee, Kevin Wood, following the entry of an order adjudging Wood guilty of indirect criminal contempt. The state contends that the motion was untimely made, or, in the alternative, if it was timely, that the allegations in the order to show cause and the attached affidavit, on which the adjudication of contempt was based, were sufficiently stated. We affirm as to the first issue and reverse and remand as to the second. We affirm as well the two issues raised in Wood's cross-appeal, because we conclude that they are without merit.
Addressing the state's contention that the motion for new trial was untimely filed, we note that at the close of Wood's hearing for criminal contempt of an injunction restraining him from committing domestic violence, the court, on November 21, 1994, found Wood guilty of indirect criminal contempt and placed him on probation for three months. On November 28, 1994, it entered a written order, nunc pro tunc to November 21, 1994, reiterating that which it had previously held. On December 6, 1994, Wood filed a motion for new trial, raising several issues, and thereafter a different judge than the one who had entered the adjudication of indirect criminal contempt[1] granted the motion. The court stated that the allegations contained in the show cause order which had *403 initiated the contempt proceeding were insufficient in that they failed to comply with the requirements of Florida Rule of Criminal Procedure 3.840(a). In so ruling, the court rejected the state's argument that the motion for new trial had not been timely filed, holding that the motion was made within 10 days after the entry of the court's written order.
We agree with the lower court's determination that Wood's motion for new trial was timely. Florida Rule of Criminal Procedure 3.590(a) requires that a motion for new trial be made "within 10 days after the rendition of the verdict or the finding of the court." We conclude that the operative date, for the purpose of compliance with the 10-day time limitation, as applied to a motion directed to a finding of indirect criminal contempt, was November 28, 1994, the date of the court's entry of the written order.
Florida Rule of Criminal Procedure 3.840(f) provides that the judge, at the conclusion of an indirect criminal contempt hearing, "shall sign and enter of record a judgment of guilty or not guilty." The trial court did not "sign or enter of record" until November 28, 1994. The court's oral adjudication of guilt on November 21, 1994, at the conclusion of the hearing, did not comply with the procedural requirements of the rule. Consequently, the court's November 28 order cannot be given nunc pro tunc effect to commence the running of the 10-day period to a time prior to the entry of such order.
The issuance of an order nunc pro tunc is a mechanism by which the court corrects errors which are primarily clerical in nature. See Occidental Fire & Cas. Co. of N.C. v. Great Plains Capital Corp., 912 F.Supp. 515, 519 (S.D.Fla.1995). This instrument is not, however, available for the benefit of parties if there has been a failure to observe proper procedure. Id. In the present case, it was the trial judge who failed to comply with the requirement in rule 3.840(f) to "sign and enter of record a judgment of guilty or not guilty" at the conclusion of the hearing. A court's incorrect action or failure to act does not warrant the entry of a nunc pro tunc decision. Id. at 518.
To hold, as the state contends, that the day the oral finding of criminal contempt was made is the operative date for the purpose of compliance with the motion for new trial rule, rather than the date of the written order, would cause substantial prejudice to Wood, who was in no way responsible for the court's omission of a required judicial act. Therefore, the 10-day period within which Wood had to file a motion for new trial did not expire until December 8, 1994; as a result, his motion, filed on December 6, 1994, was timely.
We agree, however, with the state that the lower court erred in ruling that the allegations contained in the show cause order and its supporting affidavit were insufficient. Rule 3.840(a) requires an order to show cause to state "the essential facts constituting the criminal contempt charged." The case which the lower court relied on in deciding that the statements were insufficient, Bray v. Rimes, 574 So.2d 1114 (Fla. 2d DCA 1990), is factually distinguishable. The show cause order in Bray was insufficient, because it did not state any facts or even allege whether the contempt was civil or criminal. The Second District later clarified this holding in Brown v. State, 595 So.2d 259 (Fla. 2d DCA 1992), wherein it held that an order to show cause incorporating and attaching a party's sworn petition was sufficient to apprise the defendant of the specific acts for which he or she could be punished. The Brown court distinguished Bray, stating that the order to show cause in the latter case "made reference to other pleadings, but there is no indication those were properly sworn or that they were physically attached to the orders to show cause." Id. at 260.
In the case at bar, a sworn affidavit was attached to the order to show cause, and it alleged that Wood had failed to comply with the injunction against him. Thus Brown, rather than Bray, is on point, and, consistent with the Brown decision, we conclude that the order to show cause sufficiently stated the essential facts constituting the criminal contempt with which Wood was *404 charged.[2]
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, KAHN and DAVIS, JJ., concur.
NOTES
[1] After he had presided over the contempt proceeding, Judge N. Russell Bower recused himself from further participation in the case on the ground of avoiding any appearance of impropriety, and the case was reassigned to Judge Russell Cole.
[2] Wood also claims that the trial court was required by Brown to state explicitly in the order to show cause that there was probable cause for the issuance of the order. On the contrary, although the order before the court in Brown did so state, the Second District did not indicate that such statement is required; indeed, no such requirement is provided for in rule 3.840(a).