840 So.2d 379 (2003)
Christy Jo FLANAGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3401.
District Court of Appeal of Florida, First District.
March 18, 2003.
*380 Spiro T. Kypreos, Pensacola, for Appellant.
Charlie Crist, Attorney General and Janelle C. Gillaspie, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
This is an appeal from a final order adjudicating the appellant, Christy Jo Flanagan, guilty of indirect criminal contempt and sentencing her to five and onehalf months in the county jail. We conclude that the order to show cause did not meet the minimum requirements of rule 3.840 of the Florida Rules of Criminal Procedure and, therefore, we reverse.
The contempt charges arose from the appellant's conduct as a defense witness in the first-degree murder trial of Bruce Sherwood. It appears from the record that the appellant made a gesture in the courtroom in which she expressed her support for the defendant, and that she subsequently made an extrajudicial comment in which she expressed her anger toward a prosecution witness. The appellant contends that the evidence is insufficient to support a finding that she violated a prior court order and that the judgment must be reversed, in any event, on the ground that the order to show cause did not set forth any facts alleging the conduct charged.
It is doubtful that the appellant's conduct could be characterized as a direct violation of the trial court's order directing the witnesses to refrain from discussing their testimony, but we need not decide that issue, because the appellant's procedural argument is dispositive. The rule governing indirect criminal contempt provides that an order to show cause why the defendant should not be held in contempt must state "the essential facts constituting the criminal contempt charged." Fla. R.Crim. P. 3.840(a); State v. Wood, 700 So.2d 401, 403 (Fla. 1st DCA 1997); Hill v. State, 643 So.2d 1178 (Fla. 2d DCA 1994). If the order fails to do so, the requirements of the rule can still be met if a sworn affidavit containing the essential facts is attached to the order to show cause. See Wood, 700 So.2d at 403; Giles v. Renew, 639 So.2d 701, 702 (Fla. 2d DCA 1994). The order to show cause in the present case did not state the essential facts constituting the charge of indirect criminal contempt, nor was it accompanied by a sworn affidavit alleging the essential facts.
Reversed.
BARFIELD and KAHN, JJ., concur.