919 So.2d 621 (2006)
George BATTLES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1068.
District Court of Appeal of Florida, First District.
January 20, 2006.
Rehearing Denied February 28, 2006.
*622 Nancy A. Daniels, Public Defender, and Carl S. McGinnes, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, C.J.
This is an appeal from an order revoking the appellant's probation. Appellant argues that the trial court lacked jurisdiction to revoke his probation because the trial court, in a previous and unappealed modification order, improperly extended probation by twelve (12) months, but not beyond the applicable maximum sentence. This appeal is not the proper forum for arguing the merits of the previous modification order. See, e.g., Baxter v. State, 596 So.2d 460, 460 (Fla. 2d DCA 1991)("Because the first two of the challenged conditions were provisions of defendant's original probation, defendant should have appealed them at the time of their original imposition instead of now."). See generally Hunter v. Dennies Contracting Co., 693 So.2d 615, 616 (Fla. 2d DCA 1997) ("[T]hat unappealed order is not before us for review, and we do not pass on the merits of either the temporary injunction or the underlying action."); Calicchio v. Calicchio, 693 So.2d 1124, 1124 (Fla. 4th DCA 1997)("[Appellant] cannot use an order finding him in contempt as a back door to challenging the propriety of the unappealed order awarding alimony."). Had Battles wished to contest the modification of probation, he should have appealed the modification order. The most likely reason appellant did not contest the modification is that he actually requested it. See McPhee v. State, 254 So.2d 406, 409-10 (Fla. 1st DCA 1971)("[T]he general rule is that a party cannot occupy inconsistent positions in the course of a litigation. It may be also laid down as a general proposition that where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it is to the prejudice of the party who has acquiesced in the position taken by him.")(quoting Fla. Jur. Estoppel and Waiver § 51); see also King v. State, 373 So.2d 78, 78 (Fla. 3d DCA 1979)("Having fully accepted the improper sentence in the prior proceedings, the defendant may not subsequently come before the courts advocating a mutually inconsistent position.").
Further, a trial court has subject matter jurisdiction over a probationer for the term of probation. See § 948.06(1)(a), Fla. Stat. (2004). Appellant's probation did not expire until December 6, 2004. The affidavit of violation was filed on October 5, 2004. Once a violation affidavit is filed, the probationary period is tolled until the court enters a ruling on the violation. See § 948.06(1)(d), Fla. Stat. (2004). Because the affidavit was filed while appellant was still on probation, the trial court maintained jurisdiction. Accordingly, the order revoking probation is AFFIRMED.
PADOVANO and THOMAS, JJ., concur.