# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0049
_____

LAKASIA PORTEE-JONES,

    Appellant,

    v.

RUBY PORTEE,

    Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Paul S. Bryan, Judge.


February 26, 2025

M.K. THOMAS, J.

Lakasia Portee-Jones challenges a final order finding her in contempt and imposing jail time. She argues the trial court erred in extending an injunction for protection against domestic violence and finding that Ruby Portee, her mother and the appellee, satisfied her burden of demonstrating a reasonable fear of imminent danger. We find the trial court reversibly erred in imposing a jail sentence without complying with Florida Rule of Criminal Procedure 3.840. Because Ms. Jones failed to appeal the order extending the injunction, we do not address that issue for lack of jurisdiction.

Contempt orders are generally reviewed on appeal for an abuse of discretion. *Lynne v. Landsman*, 306 So. 3d 390, 392 (Fla.

1st DCA 2020). "Contempt sanctions are broadly categorized as criminal or civil contempt," and the distinction between the two "often turns on the 'character and purpose' of the sanctions involved." *Parisi v. Broward Cnty.*, 769 So. 2d 359, 363–64 (Fla. 2000) (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994)). The purpose of *criminal* contempt is to "vindicate the authority of the court or to punish for an intentional violation of an order of the court." *Id.* at 364 (quoting *Bowen v. Bowen*, 471 So. 2d 1274, 1277 (Fla. 1985)). Criminal contempt orders are reviewed on appeal the same as any criminal proceeding.

"[A] contempt sanction is considered civil if it 'is remedial, and for the benefit of the complainant.'" *Id.* (quoting *Bagwell*, 512 U.S. at 827–28). "[D]etermining whether the contempt proceedings are civil, or criminal is critical to the court and to the parties because the nature of the contempt both determines the procedures for adjudication and sets the parameters for the sanctions that can be imposed." *Id.* "Because criminal contempt is 'a crime in the ordinary sense,' imposition of criminal contempt sanctions requires that a contemnor be afforded the same constitutional due process protections afforded to criminal defendants." *Id.* (quoting *Bagwell*, 512 U.S. at 826). These protections not only include the full panoply of rights afforded by the Constitution (e.g., right to counsel, proof beyond a reasonable doubt, etc.), but also include those afforded by rule 3.840. *See Ash v. Campion*, 247 So. 3d 581, 582 (Fla. 1st DCA 2018). Strict compliance with rule 3.840(a) is required in indirect criminal contempt proceedings. The purpose of rule 3.840 is to protect due process guarantees. Thus, failure to strictly comply constitutes fundamental, reversible error. *See Wendel v. Wendel*, 958 So. 2d 1039, 1040 (Fla. 1st DCA 2007). Contempt orders that do not contain a purge provision* must be characterized as criminal contempt. *Id.*; *see also Parisi*, 769 So. 2d

---

* Civil contempt requires a purge provision, whereby the sanction stops as soon as the party purges itself of contempt by complying with the order. *See Bowen*, 471 So. 2d at 1277 ("We continue to adhere to the view that incarceration for civil contempt cannot be imposed absent a finding by the trial court that the contemnor has the present ability to purge himself of contempt.").

2

at 365 ("[T]o be a valid civil contempt sanction the contempt order must include a purge provision.").

As a result of Ms.Portee's motion, the trial court held Ms. Jones in contempt and imposed a sanction of jail time. The order contained no purge provision, making it a criminal sanction, and the trial court did not adhere to the procedural requirements of rule 3.840 in imposing the sanction. Imposition of such a sanction here and without following the required notice procedures constitutes fundamental error. *See Ringenberg v. Ringenberg*, 308 So. 3d 694, 695 (Fla. 1st DCA 2020).

Rule 3.840(a) provides,

A criminal contempt, except as provided in rule 3.830 concerning direct contempts, shall be prosecuted in the following manner:

**(a) Order to Show Cause.** The judge, on the judge's own motion or on affidavit of any person having knowledge of the facts, may issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring the defendant to appear before the court to show cause why the defendant should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of the defense after service of the order on the defendant.

The trial court failed to provide the required show cause order to Ms. Jones, setting forth the essential facts constituting the criminal contempt charges. *See* Fla. R. Crim. P. 3.840(a). A show cause order which incorporates and attaches a sworn petition is sufficient to apprise a defendant of the specific acts for which he or she could be punished. *See State v. Wood*, 700 So. 2d 401, 403 (Fla. 1st DCA 1997). But a trial court fails to comply with the rule where a show cause order gives "no indication that [the defendant] was subject to criminal contempt, it [does] not state the essential facts constituting the contempt or attach the contempt motion," or fails to afford the defendant "a reasonable time for preparation of a defense." *Id.* Indirect criminal contempt is a criminal proceeding.

3

As such, the defendant must be afforded the required notice and opportunities to be heard (including arraignment and presentation in mitigation at sentencing), a judgment of guilty, and oral pronouncement of sentence.

The order served to Ms. Jones merely announced a hearing time and place on the motion for contempt/enforcement with the motion attached. The essential facts constituting the criminal contempt charged were not detailed nor was notice given that Ms. Jones must come prepared to defend the criminal contempt allegations. Thus, the trial court failed to satisfy the requirements of rule 3.840(a).

We deem Ms. Jones's motion for reconsideration regarding the jail sentence as a motion filed under Florida Rule of Criminal Procedure 3.800(b)(1), which is an authorized tolling motion that applied only to the sentence and the implicit adjudication of guilt, but not to the order extending the injunction by a year. The order extending the injunction was not appealed. Ms. Jones failed to file a notice of appeal as to the order extending the injunction together with her notice of appeal of the order adjudging her to be in contempt and imposing a jail sentence. Thus, her arguments on appeal regarding the extension of the injunction below is improper. *See Battles v. State*, 919 So. 2d 621, 622 (Fla. 1st DCA 2006).

Because the trial court did not comply with rule 3.840 when it imposed an indirect criminal contempt sanction, we reverse the forty-day jail sentence imposed upon Ms. Jones and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

B.L. THOMAS and TANENBAUM, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

4

Elizabeth R. Brinson, The Brinson Law Firm, Live Oak, for Appellant.

Ralph R. Deas, Lake City, for Appellee.