NESBITT, Judge.
In these consolidated eases, K.L.V. and her adoptive parents appeal a trial court order vacating the child’s final judgment of adoption. K.L.V. was born May 5, 1992. In December 1993, the child was physically abused, and HRS took her into custody. A final judgment terminating all parental rights was entered on October 17,1995. On May 1, 1996 the girl’s final judgment of adoption was entered.
In late July 1996, nearly three months after the girl’s adoption and nine months after the termination of parental rights, a person claiming to be the child’s biological father sent a letter to the family division judge who entered the order of adoption. HRS filed a motion for emergency status conference. Thereafter, on September 12, 1996, HRS filed a “Verified Motion to Set Aside Final Judgment of Adoption.” The motion contended that when HRS reviewed its files after the father’s letter, HRS could not determine the extent of its workers’ diligent search for the father during the pertinent juvenile division proceedings. The motion sought “a full evidentiary hearing.”
*254 The cause came before the family division judge on September 13, 1996. Present were two attorneys for HRS, the adoptive parents and their attorney, the ostensible biological father and a court reporter. HRS told the court that it was not ready to proceed with the noticed evidentiary hearing and asked the judge to hold HRS’ motion in abeyance and transfer the case to the juvenile division for consideration of any matter pertinent to the notice issue in the termination of parental rights judgment. The trial judge then heard from the purported biological father. Faced with at least some evidence tending to show a lack of a due diligent search for the child’s biological father prior to issuance of the termination of parental rights judgment, the trial judge chose to vacate the adoption until the issue raised had been resolved in the juvenile court. We agree with the child and her parents that this was error.
A final judgment of adoption is presumptively valid. Doe v. Watson, 507 So.2d 1164 (Fla. 5th DCA 1987). The alleged biological father had no standing to seek to have the order of adoption vacated. An order of termination of parental rights permanently deprives the parent or legal guardian of any right to the child. See Stefanos v. Rivera-Berrios, 673 So.2d 12, 14 (Fla.1996); § 39.469(2)(b), Fla. Stat. (1995). Any rights the natural parent may have had to the child are permanently forfeited and cannot be reopened by means other than a proper appeal of the order terminating parental rights. As one whose parental rights had been terminated through judicial proceedings, the purported biological father had no direct interest which could be affected by the adoption proceedings because his parental rights no longer existed. He stood as a stranger to the proceedings, and the fact that he was supposedly the child’s biological father was legally irrelevant. Id.
Here, the alleged biological father may file in the juvenile division to have the court vacate the termination of parental rights judgment. If successful, pursuant to Rule 1.540(b)(5), he may proceed to seek relief from the adoption judgment. However, considering this lack of standing, and the lack of evidentiary support for the drastic action taken, the trial judge’s decision to vacate the final judgment of adoption was clearly erroneous.
Accordingly, the order vacating the final judgment of adoption is reversed.