DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**M.N., JR.,** the Father,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and **GUARDIAN AD LITEM PROGRAM,**
Appellees.

No. 4D14-2345

[April 8, 2015]

Appeal of a non-final order from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Mirman, Judge; L.T. Case No. 10000019DPAXMX.

Chet E. Weinbaum, Fort Pierce, for appellant.

Karla Perkins, Miami, for appellee Department of Children & Families.

Laura E. Lawson, Sanford, for appellee Guardian Ad Litem Program.

PER CURIAM.

M.N., the Father, appeals the order dismissing his second motion to set aside a final judgment of adoption. We affirm.

The Father's biological child was born to a marriage between the mother and the legal father. After the parental rights of the mother and the legal father were terminated, a relative adopted the child. The Father moved to set aside the adoption, claiming that notice required by statute was not provided to the Father. The trial court denied the motion without addressing the notice issue. Instead, the court found the Father did not have standing to contest the adoption because he was not the legal father.

After the Father's appeal of the order was dismissed as untimely, the Father filed his second motion to set aside the adoption, again relying on the notice issue. The court accepted the state's argument that the motion was procedurally barred based on the doctrine of res judicata,

and the court denied the motion.

We find that the court erred in finding the second motion was procedurally barred, as the court did not address the notice issue in its first order. *See State, Dep't of Transp. v. Bailey*, 603 So. 2d 1384, 1387 (Fla. 1st DCA 1992) (recognizing that the doctrine of res judicata is not invoked if an issue was not "actually litigated and decided"). However, without addressing the merits of the Father's argument, we affirm.

Section 63.182(1), Florida Statutes (2013), a statute of repose,[1] provides that "an action or proceeding of any kind to vacate, set aside, or otherwise nullify a judgment of adoption . . . may not be filed more than 1 year after entry of the judgment terminating parental rights." Because the Father's second motion was filed in December 2013, more than one year after the termination order was entered, the statute bars his action to set aside the adoption.

*Affirmed.*

STEVENSON, TAYLOR and CIKLIN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] "[S]tatutes of repose bar actions by setting a time limit within which an action must be filed as measured from a specified act, after which time the cause of action is extinguished . . . ." *Merkle v. Robinson*, 737 So. 2d 540, 542 n.6 (Fla. 1999).

2