DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J.G.,** The Father,
Appellant,

v.

**STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

Nos. 4D18-0090 and 4D18-0091

[May 30, 2018]

Consolidated appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Hope Tieman Bristol, Judge; L.T. Case Nos. 2017-4921-AD and 2017-4922-AD.

Lori D. Shelby, Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Fort Lauderdale, for appellee State of Florida, Department of Children and Families.

Laura J. Lee, Sanford, for Guardian ad Litem Program.

DAMOORGIAN, J.

In this consolidated appeal, J.G. appeals the final orders of adoption with respect to his biological children ("the Children"). We dismiss the appeal because it is barred by the applicable statute of repose. Additionally, as J.G. never had any legal parental rights and was not a party to the adoption below, he has no standing to challenge the adoption judgments.

Although it is not disputed that J.G. is the Children's biological father and was active in their lives, the Children's mother was married to another man at the time the Children were born. In 2012, the Department sheltered the Children and instituted dependency proceedings based on the mother's drug use. In its dependency order, the court found that the mother's husband was the Children's legal father by operation of marriage. However, it also recognized that J.G. had a relationship with the Children and placed the Children with J.G. in a non-relative capacity.

After both the mother and her husband failed to participate in the dependency proceedings, the Department filed a petition seeking to terminate their parental rights ("TPR"). J.G. was a participant in the TPR proceedings but did not ever seek to obtain legal parental rights via a petition to establish paternity or any other means. The court entered a judgment terminating the Children's legal parents' parental rights in 2015. Shortly thereafter, the Children were removed from their placement with J.G. based on allegations of domestic abuse. More than two years later, the Children were adopted by non-relatives. J.G. directly appealed the orders of adoption.

As an initial matter, J.G.'s appeals are barred. By operation of statute, J.G. is precluded from filing any "action or proceeding of any kind to vacate, set aside, or otherwise nullify a judgment of adoption or an underlying judgment terminating parental rights on any ground . . . more than 1 year after entry of the judgment terminating parental rights." § 63.182(1), Fla. Stat. (2015). Since J.G. did not file his appeal seeking to set aside the adoptions until 2018, more than one year after the termination order was entered, his appeal is barred and must be dismissed. *See M.N., Jr. v. Dep't of Children and Families*, 161 So. 3d 1290, 1291 (Fla. 4th DCA 2015).

J.G. also lacks standing to challenge the adoption proceedings. Because the Children were born into an intact marriage, the Children's legal father was their mother's husband "unless and until a court effect[uated] [a] substitution" via a judgment of paternity. *Shuler v. Guardian Ad Litem Program*, 17 So. 3d 333, 335 (Fla. 5th DCA 2009). Accordingly, if J.G. wanted to be considered the Children's legal father, he was required to seek a judgment of paternity before the court terminated the Children's legal parents' parental rights. *See M.L. v. Dep't of Children and Families*, 227 So. 3d 142, 145–46 (Fla. 4th DCA 2017). He failed to do so and thus lost his chance to be considered the Children's legal father. *Shuler*, 17 So. 3d at 336 (biological father to child born within an intact marriage could not seek to establish paternity after child's legal parents' parental rights were terminated even though biological father was recognized by the court as the biological father and was a participant in the TPR proceedings). Having no parental rights, J.G. "stood as a stranger to the [adoption] proceedings, and the fact that he was supposedly the child's biological father was legally irrelevant." *K.L.V. v. Fla. Dep't of Health and Rehab. Servs.*, 684 So. 2d 253, 254 (Fla. 3d DCA 1996). Therefore, J.G. lacks standing to challenge the adoption orders on appeal.

*Dismissed.*

FORST and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***